## STEPHENSON v. STEWART et al.
### (No. 7594.)

(Court of Civil Appeals of Texas. San Antonio. June 2, 1926.)

1. **Appeal and error** ⟶218(2).

In view of Rev. St. 1925, art. 2185, defendant who failed to make any objection to issues presented cannot present objection thereto on appeal.

2. **Brokers** ⟶84(1) — Discharge of brokers from employment before services were rendered was defensive matter to be proved by owner.

If brokers were employed to sell land, discharge from employment before services were rendered was defensive matter to be proved by owner, when sued for services in procuring purchaser.

3. **Trial** ⟶352(4)—Failure to submit issue not in case held not error.

In suit by brokers to recover for services under express contract for securing purchaser for land, where there was no issue as to value of services, refusal to submit defendant's requested issue as to what was reasonable commission to a real estate broker for sale of land was not error.

4. **New trial** ⟶143(2).

Assignment of error, based on juror's statement that officer stated to jury that judge had told him he would not permit jury to hear further evidence, cannot be entertained.

Appeal from District Court, Nueces County; W. B. Hopkins, Judge.

Action by W. C. Stewart and another against J. T. Stephenson. Judgment for plaintiffs, and defendant appeals. Affirmed.

H. J. Passmore, of Robstown, and B. D. Tarlton, of Corpus Christi, for appellant.

Kleberg & North, of Corpus Christi, for appellees.

FLY, C. J. W. C. Stewart and D. H. Best, appellees, instituted this action to recover of appellant, J. T. Stephenson, the sum of $948, alleged to be due for their services in procuring purchasers for certain land belonging to appellant. The cause was submitted to a jury on special issues, in answer to which they found that the property had been listed with appellees by appellant for sale, as alleged in the petition, and that appellees were the procuring cause and efficient means in procuring the sale of the property to William

(285 S.W.)

Bauer and Stuart Purcell, and that appellees had not been discharged from their employment by appellant prior to the time they began their efforts to sell the land. Judgment was rendered in favor of appellees against appellant for $948.

The evidence sustains the findings of the jury, and the uncontroverted facts showed that the customary fees or commissions were 5 per cent. of the selling price, which in this instance was $18,000. One of the appellees sought out Bauer and Purcell and showed them the land, and they afterwards bought the land at the price named by appellees from appellant. The purchasers had not thought of purchasing the land until approached by Best, and no one else ever spoke to them about the purchase of the land.

[1, 2] The first assignment of error is overruled. The submission of the third issue as to the discharge of appellees by appellant, in which the burden of proof was placed upon appellant as to such discharge, is assailed. The assignment attempts to raise an error, not fundamental in its nature, as claimed, and appellant failed to make any objection to the issues presented and cannot present any such objection on appeal. Rev. Civ. Stats. 1925, art. 2185; Railway v. Dickey, 108 Tex. 126, 187 S. W. 184; Denman v. Pyle (Tex. Civ. App.) 210 S. W. 335. If appellees were employed as the uncontroverted evidence showed, a discharge from employment before the services were rendered was a defensive matter to be proved by appellant, and he attempted such proof although there was no basis for it in his answer. If any one had cause to object to the submission of such issue it was appellees.

[3] The second assignment of error complains of the refusal of the court to submit an issue requested by him as to what was a reasonable commission to a real estate broker for the sale of land, and it was overruled. There was no such issue in the case. The jury found that the land had been placed with appellees for sale, and the evidence not only showed an express contract but a contract to pay the sum of 5 per cent. on a valuation of $80 an acre. There was also evidence to show that 5 per cent. was the customary charge for selling land. That evidence was not assailed or contradicted.

The recovery was upon a finding of an express contract, and not upon a quantum meruit, and there was no issue as to value of the services of appellees in proof. The verdict was based on the contract to pay 5 per cent. commissions. The third assignment of error is overruled.

[4] The fourth assignment of error is based on the assumption that the court denied the jury the right, while they were considering their verdict, "to review the testimony" as to when the abstract of title was returned to appellant. The bill of exceptions shows that two jurors, after the trial, swore that an officer in charge of the jury reported to the jury that the court had refused to allow any further testimony. A sufficient answer to such loose assertions, if such answer was required, would be that the trial judge appends to the bill of exceptions his statement that no request for any evidence of any character came to him, and if such request had been preferred he would have granted it.

An assignment of error, based on a statement of a juror that some officer or bailiff had stated to the jury that the trial judge had told him that he would not permit the jury to hear further evidence, could not be entertained. There is no merit in the assignment of error, and it is overruled.

The judgment is affirmed.