## CONTINENTAL CASUALTY CO. v. CANALES.

### No. 9871.

Court of Civil Appeals of Texas. San Antonio.

Dec. 9, 1936.

Rehearing Denied Jan. 13, 1937.

John C. North, of Corpus Christi, for appellant.

Lloyd & Lloyd, of Alice, for appellee.

BOBBITT, Justice.

Appellee, Fidencio Canales, sued appellant, Continental Casualty Company, in the district court of Duval county to set aside a judgment or award made by the Industrial Accident Board, and to recover damage for a period of 332 weeks, together with medical and hospital bills, under the provisions of the Workmen's Compensation Act (Vernon's Ann.Civ.St. art. 8306 et seq.), upon the basis of alleged earnings of $22.50 per week. Appellee alleged that he sustained permanent injury on or about the 30th day of November, 1934, while operating an automobile owned by his employer, Max Lindeman, and in the course of his employment for Lindeman.

The record shows that appellee was employed by Lindeman as an automobile salesman for a regular salary of $12.50 per week, and in addition he earned and was paid an additional amount of not less than $10 per week. Max Lindeman lived and had his sales agency, garage, and place of business at Alice, in Jim Wells county, where he sold new and used cars throughout a certain district, including Duval county. Appellee lived at Benavides, a short distance from Alice. and worked as a salesman prin-

cipally at Benavides, San Diego, and throughout Duval county, though, as above stated, the headquarters of his company and its garage were located at Alice.

Louis Torrez, who also lived at Benavides, was in the market to purchase an automobile. Appellee carried Torrez to Alice for the purpose of selling him an automobile. Lindeman discussed the matter with Torrez when presented by appellee, and Lindeman told Torrez that appellee would demonstrate the car to him; that he (Torrez) could take the car, drive it to Laredo or elsewhere, and satisfy himself about it. It is shown that appellee, the salesman, was "on the job" at all times, endeavoring to make the sale. As per agreement and arrangement made between the three parties at Alice, Torrez and appellee took out the car, a Ford V-8, for demonstration purposes. The parties drove the car to Benavides, and then, with some friends, proceeded on to Laredo, Tex., and New Laredo, in Old Mexico, on the same day. After having supper and some drinks in New Laredo, the parties started on the return trip to Benavides that evening. They ran out of gas between Laredo and Benavides, and slept in the car until daylight, when they secured gas and came back to their home at Benavides. Torrez did most of the driving on the trip, and seemed satisfied with the car, except that the engine consumed too much oil. Torrez, the prospective purchaser, and appellee, the salesman, discussed the matter, and the record shows it was agreed that Torrez would buy the car at the price placed upon it, provided the owner would place another motor in it which would not burn so much oil. Appellee stated that he thought Lindeman, the owner, would furnish the other motor without additional cost for the exchange, and the parties agreed at Benavides that appellee would return to Alice, exchange the motors or engines, and that Torrez would then take delivery of the automobile. It was necessary, however, for appellee to secure the definite agreement of Lindeman for the exchange of motors before the trade could be closed. Appellee then left Torrez at his Benavides home, delivered some other member of the party at his home, went by a store to secure some groceries for his family, and then stopped at the City Café in Benavides, and had a bottle of beer just before proceeding to Alice for the purpose above stated. Just before leaving Benavides for Alice, appellee met some friends who wanted to go to San Diego, which city is on the highway between Benavides and Alice. Six persons, including appellee, who was driving, got in the car for the trip to San Diego and Alice. It seems one of the six, however, was to be "dropped out" at some point in or near Benavides. About three-quarters of a mile south of the City Café and the town of Benavides, on the main highway, the car got out of control, crashed into a ditch beside the road and appellee received the injuries which form the basis of this suit.

Appellee contends that the wreck of the car resulted from the steering gear becoming locked. Appellant, however, makes the contention that appellee was drunk at the time of the accident and was engaging in some kind of "horse play" with the car for the purpose of frightening some occupant, and that such condition or conduct on the part of appellee was the cause of the wreck and the injuries to appellee. Appellant also alleges that appellee was driving the car in excess of the speed allowed by law immediately prior to and at the time of the wreck; that he was not on a mission for his employer or engaged in the course of his employment at the time of his injuries. In short, appellant's contention, as stated in its brief, is as follows: "We contend that the evidence showed that these parties were simply out riding, and not on their way back to Alice, and that plaintiff was and had been for sometime prior thereto, in a state of intoxication and further, that he was exceeding the speed limit of forty-five miles an hour and was purposely causing his car to run from one side of the road to the other at such dangerous rate of speed and that the excessive speed, together with his horseplay in causing the car to run from one side of the road to the other, and especially in his drunken condition, was in fact the cause of the accident."

The appellee, by appropriate pleadings, alleged a cause of action against appellant, who was the insurer of Max Lindeman, the employer, under the provisions of the Workmen's Compensation Act. There is no question of the liability of appellant on its policy of insurance if the record before us shows that appellee has brought himself within the provisions of the law and if the evidence sustains the findings of the jury.

In response to the several special issues submitted to it, under proper charge and appropriate definitions and instructions, the jury found, from a preponderance of the evidence, that: (a) Appellee, Fidencio Canales, sustained personal injuries on or about November 30, 1934, while in the course of

his employment with Max Lindeman; (b) such injuries resulted in his total incapacity. (c) Such total incapacity will continue for a period of thirty-two weeks after the injury. (d) Such injury resulted in permanent partial incapacity to Fidencio Canales to the extent of 50 per cent. (e) At the time of the injury of Fidencio Canales his average weekly wage was the sum of $18. (f) The average weekly wage of Fidencio Canales during the period of permanent partial incapacity would be the sum of $9. (g) Immediately prior to the time of the accident Fidencio Canales was not driving the automobile in excess of 45 miles per hour. (h) At the time of the injury, Fidencio Canales was not going on a mission of his own that was not connected with his employment by Max Lindeman. (i) At the time of the injury, Fidencio Canales was not under the influence of intoxicating liquor.

It will be observed that each and all of the contentions asserted by appellant, as to the facts of this case, were decided against it by the jury. There is no complaint of the regularity or fairness of the trial, in so far as the jury is concerned. Appellant does assert that the evidence is not sufficient to sustain the findings of the jury in some respects, and as to some of the answers of the jury to some of the issues appellant contends there is no evidence at all to support the findings; wherefore appellant complains of the action of the trial court in overruling its motion for a directed verdict. Without discussing the evidence and the findings of the jury based thereon in detail, we find from a careful reading of the record that there is sufficient evidence to support the findings of the jury on every issue submitted. The evidence in many instances is undisputed, and in others overwhelming and conclusive in its support of the jury's findings. This situation obtains as to the nature and extent of the injuries suffered by appellee and the amount of his wages. Appellant offered no evidence relating to the nature and extent of appellee's injuries, and the employer's own testimony, as well as that of several other witnesses, is undisputed as to the amount of wages earned by and paid to appellee.

██ On the remaining material issues submitted to and found by the jury in favor of appellee, there is some conflict in the testimony of the witnesses as to what the exact facts were, at the time and under the circumstances surrounding the accident, which resulted in the wreck of the automobile and the injuries to appellee. It is but fair to the record, however, to state that the great preponderance of the evidence is in favor of the findings of the jury. We find no answer or finding of fact by the jury that is not supported by the preponderance of the evidence submitted on the trial of the case, and under such state of the record this court has no authority to disturb the findings of the jury. Clearly the appellee fully discharged the burden placed upon him to plead and prove the facts necessary to entitle him to recover under the provisions of the Workmen's Compensation Law of this state.

██ We should not lose sight of the very important fact that this case is based upon the provisions of article 8306, R.S. (as amended [Vernon's Ann.Civ.St. art. 8306]), a special law which is intended to be of benefit to both employer and employee. Compliance with this statute by the employer, as was done in this case, takes away from the employee his ordinary right of action in personal injury cases, and forces him to rely upon the supposed prompt action and liberal construction intended to be provided by the statute in favor of the injured employees. Clearly, such considerations form the basis of and justified the Legislature in limiting and restricting the right of the injured employees to recover in certain cases of personal injuries. Unless such statute be given that justly liberal and reasonable construction which will accomplish its true purpose and intent, and enable the injured employee to promptly secure any relief to which he may be justly entitled, then there is no justification for its very definite and substantial limitations and restrictions against the ordinary right of the injured employee to recover damages. As stated in the case of Security Union Ins. Co. v. McClurkin (Tex.Civ.App.) 35 S.W.(2d) 240, 243: "It has been uniformly held by our courts, that the statute, being remedial in its character, should be liberally construed so as to give full effect to its benign purpose and intendment. Under this rule any reasonable doubt which may arise in a particular case as to the right of the injured employee to compensation should be solved in favor of such right."

Appellee properly pleaded claim for compensation in the alternative under subdivisions 1, 2, and 3 of section 1, art. 8309, at the sum of $22.50 per week, or $3.75 per day. The damages consisted of severe internal and external injuries caused by reason of the automobile leaving the highway and

turning over. As above pointed out, much of the evidence offered in support of appellee's allegations is uncontradicted. On such questions as the facts were disputed by appellant, the evidence was conflicting, and the jury determined the fact questions in accordance with the contentions of appellee. Based upon such fact findings and in accordance with the statute and the rules applicable thereto, the court entered judgment in favor of appellee in the sum of $2,085.

Appellant complains of the action of the trial court in refusing to grant its motion for an instructed verdict in its favor, on the contention that the evidence does not support the findings of the jury in the several respects above shown. There was ample evidence, as shown by the record, to sustain each of the jury's findings on all of the material questions submitted and determined by the jury, and to sustain the judgment of the trial court, and appellant's contentions in all such respects are therefore overruled.

It is earnestly insisted by appellant that the trial court erred in giving the charges and in submitting the issues to the jury, as shown by the record, and in refusing to give certain instructions and issues tendered by appellant, and in overruling its objections to the issues in the form submitted. We have carefully considered the charge, instructions, and issues as given, and we find no error on the part of the trial court in reference to such matters.

Appellee insists that this court should not consider appellant's assignments relating to its objections to the charge of the court, for the reason that the record fails to affirmatively show that appellant's objections were presented to, considered by, and acted upon by, the trial court, before the charge given was read to the jury, as provided in article 2185, R.S., and cites the following cases in support of his contention: Electric Express & Baggage Co. v. Ablon, 110 Tex. 235, 218 S.W. 1030; Denman v. Pyle (Tex.Civ.App.) 210 S.W. 335; Childress v. Pyron (Tex. Civ.App.) 285 S.W. 1100; Stephenson v. Stewart (Tex.Civ.App.) 285 S.W. 908; Isbell v. Lennox, 116 Tex. 522, 295 S.W. 920; Gulf, T. & W. Ry. Co. v. Dickey, 108 Tex. 126, 187 S.W. 184; Lamar v. Panhandle & S. F. Ry. Co. (Tex.Civ.App.) 234 S.W. 605; Tex.Jur. vol. 3, p. 202.

On the authority of these cases, and when the rule established thereby is strictly applied to the record before us, it seems that none of appellant's assignments based upon its objections to the action of the trial court in respect to the charge and issues given and those requested by appellant should be considered. In view of the nature of the case, however, we have considered all of appellant's assignments, with the conclusion reached and above stated, that we find them to be without merit, and they are all overruled.

In reference to the finding by the jury of the average weekly wage earned by appellee, the record shows that appellee pleaded his case in accordance with the requirements of article 8309, R.S.; that the pleadings and the issues submitted thereunder to the jury fully comply with the provisions of the law; and that the evidence clearly shows that the test applied in sections 10 and 11 of article 8306 have been met, and the trial judge very properly, in accordance with the findings of the jury and the provisions of the statutes determined the amount of the recovery and entered judgment accordingly. The record reveals that the recovery is based upon (1) 60 per cent. of $18 per week, for a period of 32 weeks; (2) 60 per cent. of the difference between $18 and $9 for a period of 300 weeks; and (3) the medical and hospital bills. As above suggested, there is no dispute in the evidence whatsoever in respect to some of the items or questions, and on all the remaining matters the evidence is overwhelming in support of the findings of the jury and the judgment entered thereon. Articles 8306 and 8309, supra; Texas Employers' Ins. Ass'n v. Russell (Tex.Civ.App.) 16 S.W. (2d) 321; Traders' & General Ins. Co. v. Williams (Tex.Civ.App.) 66 S.W.(2d) 780; Lloyds Casualty Co. v. Meredith (Tex.Civ. App.) 63 S.W.(2d) 1051; Texas Employers' Ins. Ass'n v. Price (Tex.Civ.App.) 300 S.W. 667, 671.

Finding no reversible error in the trial of this cause in the court below, the judgment of the district court is in all things affirmed.