**TRAVELERS INS. CO. v. MULLIKIN.**

No. 6578.

Court of Civil Appeals of Texas. Texarkana.

June 7, 1951.

Rehearing Denied June 28, 1951.

Thompson, Knight, Wright, Weisberg & Simmons, Pinkney Grissom, and Richard E. Gray, Jr., all of Dallas, for appellant.

Jones, Jones & Brian, Marshall, for appellee.

WILLIAMS, Justice.

Appellee, Hoyt Mullikin, an employee of the Nehls Chevrolet Company, recovered judgment against appellant, the Travelers Insurance Company, the insurance carrier, for permanent partial incapacity as the result of alleged injuries received by him in a traffic accident.

Special Issue No. 1, the instructions given in respect to same and the jury's answer read: "Do you find from a preponderance of the evidence that when Hoyt Mullikin was injured on or about the 11th day of November, 1949, he received such injury while acting in the course of his employment for J. B. Nehls Chevrolet Company? Answer 'he was acting in the course of his employment' or 'he was not acting in the course of his employment.'" Answer: "He was acting in the course of employment.

"By the term 'such injury while acting in the course of his employment' as used in this charge is meant all injuries of every kind and character having to do with and originating in the work, business, trade or profession of the employer, received by an employee while engaged in or about the furtherance of the affairs or business of his employer, whether upon the employer's premises or elsewhere."

Appellant urged in the motion for an instructed verdict, in its special exceptions and in the motion for a new trial, and reasserts on this appeal that the evidence shows as a matter of law that appellee was not in the course of his employment at the time he received the alleged injuries. The

other point presented attacks the jury's finding to above issue for the same reason, and together embrace the sole question on this appeal.

On November 11, 1949, the date of the accident, appellee was then and had been employed by the Nehls Chevrolet Company of Marshall, Texas, as an automobile salesman at a fixed salary per month. He was furnished a new automobile for him to use as a demonstrator car. Appellee left his employer's place of business around 3:00 P.M., of above date and drove to his daughter's home to and did pick up her and her baby for the purpose of attending the funeral services of his brother-in-law to be held at a funeral home in Marshall. He then drove to the home of Mrs. Link, a baby-sitter, and there left the baby. Shortly after leaving the Link home, as he and his daughter were en route in the demonstrator car to the funeral home to attend the funeral services, appellee was involved in a traffic accident on a public street in Marshall. The alleged injuries grow out of this traffic collision. The services appellee and his daughter expected to attend were to be held at a funeral home five or six blocks northwest of the place of business of his employer. His daughter's home where he picked her up was nine or ten blocks approximately due east from his employer's place of business. The Link home was situated about one and a half miles northeast of his employer's place of business and a comparable distance northeast of the funeral home. Appellee testified that he would have attended this funeral even if the deceased had not been his brother-in-law and would have gone if he hadn't been with the company.

It is appellant's position that the Chevrolet Company had no interest in appellee's taking his daughter to the funeral or his grandchild to the home of a baby-sitter and that the trip for such purpose was not in furtherance of appellee's business; that such detour or excursion by appellee to satisfy his own personal wishes and desires at the time of the accident had taken this employee out of the scope of his employment. The evidence hereinbefore detailed, if standing alone, may support the position of appellant that as a matter of law the appellee was not in the course of his employment at the time of his traffic accident.

But the testimony of appellee further discloses, and not in dispute by any evidence to the contrary, that under his oral contract of employment he was to keep possession of this demonstrator car on a 24-hour basis; that it was his car to work with, use it, go anywhere he might see fit to go, in or out of Marshall and "to use it like it was my car." His employer was to furnish the fuel and any necessary repairs. It was the employee's duty to see that it was neat, clean and in good repair at all times. He was supposed to be on duty at all times. It was his testimony that in his experience as a salesman over the years that he had to be sociable and maintain friendly relations with the public, go out of his way to show appreciation of the company, such as attending funerals, visiting the hospital, and being present at various public gatherings. It was his experience that in such contact and friendly relations with the public and with the demonstrator car to be seen upon the public streets and public gatherings that he was able to pick up prospects or leads to prospects in the sale of cars. He informed the secretary in his employer's office at the time of his departure that he was leaving to go to this funeral and that he would be back there after the services. His employer did not require salesmen to attend funerals; had no policy with respect thereto; but had no objections to such attendance. A demonstrator car was furnished, so, in the words of this employer, "that it could be driven before the people and to keep it on the road" in contacting customers.

In Southern Surety Co. v. Shook, Tex.Civ.App., 44 S.W.2d 425, 427, w/r, it is stated: "The Workmen's Compensation Law should not be hedged about with strict construction, but should be given a liberal construction to carry out its evident purpose." See Continental Casualty Co. v. Canales, Tex.Civ.App., 100 S.W.2d 797, 799. With the application of this rule of liberal construction evident in above decision and many subsequent decisions which could be cited, it is the conclusion of this court that

the evidence herein detailed weighed as a whole raised a mixed question of law and facts for its determination by the jury.

 Appellee's personal motive or feeling in making the detour so that he and his daughter might attend the funeral of their relative together with his duties as a car salesman, as above detailed, bring this cause of action within that class of cases, as stated in Associated Indemnity Corp. v. Billberg, Tex.Civ.App., 172 S.W.2d 157, 160—"where an employee mixes personal matters or missions with those connected with his employment, he does not thereby remove himself from the course of his employment." See also Pierce Fordice Oil Ass'n v. Brading, Tex.Civ.App., 212 S.W. 707, 709; Ineeda Laundry v. Newton, Tex. Civ.App., 33 S.W.2d 208, 211; Continental Casualty Co. v. Canales, supra.

The judgment is affirmed.