## HATFIELD v. HATFIELD et al. (No. 9564.)

(Court of Civil Appeals of Texas. Fort Worth. April 2, 1921. Rehearing Denied May 7, 1921.)

1. Appeal and error ⬥242(3)—Defendant who did not invoke ruling on exception to petition cannot successfully urge it.

Though special exception was addressed to the petition, where defendant failed to invoke any ruling thereon by the trial court he cannot successfully urge it in the Court of Civil Appeals.

2. Evidence ⬥158(27)—Testimony admissible in suit to quiet title over objection affidavit of defendant and wife best evidence.

In suit in trespass to try title to recover land, where a defense was that the property was the homestead of defendant husband and his wife at the time deeds of trust were executed by them under which plaintiff deraigns title, and that by reason of such fact both of the instruments were without legal effect, testimony of the attorney before whom their affidavit was made as notary that the affidavit of defendant and his wife correctly gave what they said at the time, and testimony of another witness corroborating the attorney, was admissible

over the objection that the affidavit itself was the best evidence.

Appeal from District Court, Palo Pinto County; J. B. Keith, Judge.

Suit by T. .B. Hatfield and others against T. A. Hatfield. From judgment for plaintiffs, defendant appeals. Judgment affirmed.

S. D. Goswick, of Mineral Wells, for appellant.

Ritchie & Ranspot, of Mineral Wells, for appellees.

DUNKLIN, J. T. B. Hatfield instituted this suit against T. A. Hatfield in the form of trespass to try title to recover a tract of land. Judgment was rendered for the plaintiff, and the defendant has appealed.

[1] A special exception was addressed to the petition, but the defendant failed to invoke any ruling thereon by the trial court, and therefore he cannot successfully urge it in this court, as he has attempted to do. Nor did he invoke any ruling upon his general demurrer to the petition. However, we have examined the petition and find it sufficient as against a general demurrer.

[2] Plaintiff deraigned title through a sale and deed by a trustee named in a mortgage executed by the defendant and his wife on the land, the deed of trust bearing date December 22, 1909, and the trustee's deed, made thereunder, bearing date May 2, 1911. One of the defenses urged was that the property was the homestead of defendant and his wife at the time the deed of trust was executed, and by reason of that fact both of those instruments were without legal effect. After defendant had introduced his testimony tending to support that defense, plaintiff introduced an affidavit made by the defendant and his wife contemporaneously with the execution of the deed of trust, to the effect that the property was not then their homestead; that they had abandoned the same as their place of residence, and had established their home in the state of Oklahoma. According to the testimony of defendant and his wife, they signed the affidavit without knowing its contents. In rebuttal of that testimony plaintiff introduced W. H. Penix, the attorney who prepared the deed of trust and acted as attorney for the beneficiary who loaned defendant the money secured by the instrument. The attorney testified, in effect that the affidavit was made before him as a notary, and that its contents correctly represented what was stated by defendant and his wife at the time, and the facts stated therein were detailed to witness by the defendant and his wife. W. F. Smith, who was present at the time, also fully corroborated the testimony of Mr. Penix. Clearly the testimony of both of these witnesses was admissible over the objection that the affidavit itself was the best evidence.

The case was tried before the court without a jury; the evidence was sufficient to show title in plaintiffs, both by recorded deed and by virtue of the statute of limitation of five years, and no assignments of error are presented challenging the sufficiency of the proof to warrant the judgment on either of those issues.

Accordingly, all assignments are overruled, and the judgment is affirmed.