**GORDON v. TRAVELERS' INS. CO. et al.**
**(No. 2639.)** *

(Court of Civil Appeals of Texas. Amarillo.
Oct. 27, 1926.)

**1. Master and servant ⬤⟿373.**

Disease contracted by employee inhaling poisonous fumes in course of employment is not accidental injury, compensable under Workmen's Compensation Law.

**2. Master and servant ⬤⟿351.**

Employee, continuing in employment of employer subscribing to Compensation Law, waives right to action at common law for injury sustained in course of employment, in view of Rev. St. 1925, art. 8306, §§ 3, 3a.

**3. Master and servant ⬤⟿373.**

No recovery can be had at common law for occupational or industrial diseases.

Appeal from District Court, Wichita County; H. R. Wilson, Judge.

Suit by G. E. Gordon against the Travelers' Insurance Company and another. Judgment for defendants, and plaintiff appeals. Affirmed.

Ragsdale & Brannan, of Burkburnett, for appellant.

Wilson & Biggers, of Dallas, for appellee Travelers' Ins. Co.

Bonner, Bonner & Fryer, of Wichita Falls, for appellee Tidal Western Oil Corporation.

JACKSON, J. G. E. Gordon, the appellant, instituted this suit in the district court of Wichita county, Tex., to recover against the Travelers' Insurance Company, one of the appellees under the Workmen's Compensation Law of this state (Rev. St. art. 8306 et seq.); for alleged compensable injuries received by him while in the employ of the Tidal-Western Oil Corporation, which carried compensation insurance for its employees in the Travelers' Insurance Company.

In the event he was not entitled to recover against the insurance company under the Compensation Law, he sought damages against his employer, the Tidal-Western Oil Corporation, the other appellee, for negligence in failing to furnish him a safe place and safe appliances with which to work, which he charges was the proximate cause of his injuries.

He presented to the Industrial Accident Board of the state his application for compensation, which the board refused. He gave notice that he would not abide by the final ruling of the board, and in due time filed this suit.

He alleges that he was employed by the Tidal-Western Oil Corporation during the months of February, March, and April, and up to and including May 12, 1924; that while so employed, and in the course of his employment, he was on said last day injured in the manner and extent as follows: That on divers occasions during his employment he was required to use paints, oil, and gasoline of high specific gravity. He was required to stand in crude oil while performing his work, and as a result thereof he was, on the 15th day of May, 1924, stricken with a severe case of nephritis, totally and permanently incapacitating him; that in the course of his duties as employee he was directed by his employer to assist in washing and cleaning refuse oil out of a large storage tank containing but two small openings; that the air therein was very close and humid, and the cleaning was done with gasoline brought into the tank by hand, and the fumes from the gasoline and refuse oil were very offensive. The gasoline on several occasions ran over, spilled upon, and blistered, his body and legs; that he complained to his foreman that the use of gasoline under such conditions was dangerous to his health, and he would likely be injured by its use under such conditions, but was advised by his foreman that such use of the gasoline was not dangerous to his health, and he continued his work. That on one occasion, while washing, under the direction of his foreman, the engine room floor with gasoline, he became very warm, and the fumes from the gasoline made him sick; that he reported this condition to his employer, and received instructions to go into the open air when such attacks occurred; that he continued to work under such instructions and directions, and suffered several attacks of illness. On another occasion he was directed to assist in painting the dwelling of his employer and to use paint mixed with stump turpentine, the offensive odor from which made him ill; that he continued to perform his duties under such conditions and the instructions of his employer until May 12th, when he was taken so ill he was compelled to quit work, and went to a hospital at Wichita Falls, at which institution his illness was pronounced nephritis; that he remained in the hospital for three months, and suffered great bodily pain; that he had been unable, since leaving said institution, to regain his strength, and unable to perform any work for remuneration; and that his health is permanently impaired, and he is in constant danger of a recurrence of said attack of nephritis; that in the injuries so sustained he suffered an industrial disease, superinduced by taking into his system the fumes from the gasoline, oils, turpentine, paints, and other poisonous substances used in connection with the labor he was performing, and that such industrial disease was the direct result of the injury he sustained, and compensable under the Employer's Liability Law of the state of Texas.

He alleges the wages he earned the twelve

months preceding his injury, and the amount of compensation he is entitled to under the Compensation Law.

He pleaded, in the alternative, that, if he was not entitled to recover against the insurance company under the Compensation Act, the Tidal-Western Oil Corporation, his employer, owed him the duty of furnishing him with a reasonably safe place and reasonably safe appliances with which to perform his work, and to furnish him with such tools and appliances as a reasonably prudent person would furnish under similar circumstances; that, notwithstanding such duties, his employer negligently and willfully furnished, and directed him to, work in a tank not properly ventilated, and in the engine and boiler room overheated and insufficiently ventilated; required that he use paint and oil mixed with stump turpentine, giving off dangerous and unhealthful fumes and gases; and that as a direct result of such negligence of his employer he was injured, and the taking into his system of such poisonous substances was the proximate cause of his injury, resulting in nephritis, to his damage in the sum of $30,000, He alleges his age, his life expectancy, his incapacity, and prays for judgment against the Travelers' Insurance Company for compensation under the Workmen's Compensation Act, and, in the alternative, prays for judgment against his employer, the Tidal-Western Oil Corporation, for negligently failing to furnish him with a safe place in which, and safe appliances with which, to work.

The Travelers' Insurance Company answered by pleas in abatement, urging misjoinder of parties and misjoinder of causes of action, special exceptions, general demurrer, and general denial.

The Tidal-Western Oil Corporation filed its pleas in abatement similar to the pleas filed by its co-defendant; answered by general demurrer, special exceptions, general denial, and pleaded contributory negligence and assumed risk.

After a hearing upon the pleadings, the court sustained the general demurrer urged by each defendant. The appellant declined to amend, and the case was dismissed, to which action of the court the appellant excepted, and, by appeal, presents such action to this court for review.

Appellant's allegations disclose that he was injured while in the employ of the Tidal-Western Oil Corporation; that the injury was sustained in the course of his employment; and that his employer carried indemnity insurance with the Travelers' Insurance Company for his protection.

With the facts set up, appellant pleads that his injuries were produced by inhaling into his system, on various occasions during his employment, fumes from gasoline, oils, turpentine, paints, and other poisonous substances, and that such inhalation of such substances superinduced an industrial or occupational disease, which he asserts is compensable under the Workmen's Compensation Act of this state.

Our Workmen's Compensation Act is confined in its "operation to only accidental injury, and its scope is so limited." Middleton v. Texas Power & Light Co., 108 Tex. 96, 185 S. W. 556.

"Our statute has never gotten away from the central thought that the injury must be accidental in its nature." Ætna Life Insurance Co. v. Graham et al. (Tex. Com. App.) 284 S. W. 931.

[1] Appellant's pleadings disclose that the disease from which he alleges he was suffering developed gradually, thus eliminating the accidental element necessary to make the injury received compensable under our Compensation Law. Hence the trial court correctly sustained the general demurrer to appellant's pleadings against the appellee the Travelers' Insurance Company.

Appellant alleges, in the alternative, that, if he is not entitled to compensation under our Workmen's Compensation Act, he is entitled to recover against his employer, the Tidal-Western Oil Corporation, on its common-law liability for failing to furnish him a safe place, and safe appliances with which, to perform his work.

[2] Under the facts set up in the petition, appellant's employer was a subscriber under our Compensation Law, and he, by his conduct, had waived his right of action at common law against such employer. Revised Statutes 1925, art. 8306, §§ 3 and 3a; Middleton v. Texas Power & Light Co., supra; Oilmen's Reciprocal Ass'n v. Franklin (Tex. Com. App.) 286 S. W. 195; Castleberry v. Frost-Johnson Lumber Co. (Tex. Com. App.) 283 S. W. 141; Millers Indemnity Underwriters v. Braud et al., 270 U. S. 59, 46 S. Ct. 194, 70 L. Ed. 470.

[3] The appellant could not recover at common law against his employer for the additional reason that no recovery was allowed at common law for occupational or industrial diseases. Miller v. The American Steel Wire Co., 90 Conn. 349, 97 A. 345, L. R. A. 1916E, 510.

The original opinion is withdrawn, and the judgment of the trial court sustaining the general demurrer of the appellee the Travelers' Insurance Company and the general demurrer of the appellee the Tidal-Western Oil Corporation to appellant's petition is affirmed.