## SALINAS et al. v. SALINAS.
### No. 3150.

Court of Civil Appeals of Texas. El Paso.
Dec. 20, 1934.

Rehearing Denied Jan. 3, 1935.

C. W. Croom, of El Paso, for appellants.

Sydney Smith, of El Paso, for appellee.

PELPHREY, Chief Justice.

Francisco A. Salinas died on January 4, 1933, in Mexico. At the time of his death, he owned certain property located in El Paso county, Tex. In August, 1933, appellee, a brother of the deceased, filed an application in the county court of El Paso county, Tex., for an administration upon the estate of the deceased.

On August 28th, Eduardo S. Buchoz was appointed. He immediately qualified. Thereafter appellee filed a sworn claim against the estate in the sum of $25,500. This claim was alleged to be for money advanced to the de-

ceased and was allowed in full by the administrator. On November 2d following, the claim was, after a full hearing at which appellants appeared and contested the claim, approved by the probate court as a fourth-class claim.

Appellants, being the widow and three surviving children of deceased, appealed from the decision of the probate court to the Forty-First district court of El Paso county, Tex. In the district court judgment was rendered approving the claim.

In part, the judgment, after reciting the perfection of the appeal to that court, was:

"That said cause having come on to be heard De Novo on appeal in the Forty-First District Court, and the court having heard the testimony finds that Francisco A. Salinas was indebted to Eduardo A. Salinas, in the fixed sum of $25,500.00, at the time of his death, to-wit on January 4, 1933, and that the estate of Francisco A. Salinas deceased, has not paid said claim, or any part thereof. That the contestants, Josefa Saenz Vda de Salinas, Maria Antonieta Salinas Y Saenz, Martha Salinas Y Saenz, Maria Del Carmen Salinas Y. Saenz, have appeared personally, through their attorney, and contested said claim and have wholly failed to present any proof of any nature whatsoever denying the existence of said claim, or of any payments or offsets to be credited against the same."

"That the claim of Eduardo Salinas is just, lawful and unpaid in the sum of $25,-500.00; and the Court, after considering all of the testimony adduced on behalf of the claimant and the contestants, is of the opinion that the same should be approved."

The clerk was ordered to certify the judgment to the county court for observance and execution. The wife and children have appealed to this court.

## Opinion.

Appellants present error in the approving of the claim against the estate on the ground that such action was contrary to the manifest weight of the testimony legally admissible and that there was no testimony legally admissible showing, or tending to show, that the estate was indebted to the claimant.

■ Before taking up a discussion of the above question, however, we shall consider the assignments as to the admission of testimony.

The deposition of one Camilo Chavez G. was taken, and in response to the second interrogatory he answered: "I had a power of attorney for the purpose of signing checks, drafts and other documents."

Interrogatory No. 4 reads: "If you state in answer to the foregoing question that you did keep such an account, please state if you know, of your own personal knowledge, what was the balance due on said account to Eduardo Salinas at the time of the death of Francisco A. Salinas."

The answer to this interrogatory was: "About 52,000 pesos, Mexican money."

Interrogatory No. 5 reads: "Mr. Chavez, do you know of your own personal knowledge whether or not Francisco A. Salinas at the time of his death, was indebted to Eduardo Salinas, and if so, what was the amount of his indebtedness? Please state the amount both in Mexican currency and in currency of the United States?"

The answer was: "The same amount I have just answered, about 52,000 Mexican currency or about $25,000 United States currency."

These answers were all objected to—the first one on the ground that you cannot prove agency by the agent himself; the second and third, for the reason that, the accounts kept by Chavez evidently being in writing, such writing would be the best evidence.

The testimony of an agent in court is competent to prove a parol agency. Hines v. Rush (Tex. Civ. App.) 229 S. W. 973 (error refused), and authorities cited.

Furthermore, in the present case the testimony of the witness Partida was that Chavez was the general representative, clerk, accountant, cashier, bookkeeper, and attorney in fact of Francisco Salinas.

The matter having been placed in evidence from another source, there could be no reversible error in the admission of the answer to the interrogatory.

■ That Chavez, who had been the bookkeeper, accountant, personal representative, clerk, and attorney in fact of Francisco Salinas could testify, from his own personal knowledge, what amount, if any, Francisco Salinas was indebted to appellee, seems to us to be indisputable. The testimony of a person having knowledge as to the facts evidenced by book accounts and able to testify to them from memory has always been admissible. Jones Commentaries on Evidence, § 201A, p. 200; Greenleaf on Evidence (14th Ed.) § 117; 17 Tex. Jur. § 476.

■ The testimony of Chavez that the deceased was indebted to appellee in the sum of $25,500 and that of Partida that a balance

of $25,500 existed in favor of appellee was certainly sufficient to support the finding of the trial court that Francisco Salinas was indebted to appellee in the amount of the claim.

After a full consideration of the record we have concluded that all the assignments should be overruled and the judgment of the trial court affirmed, and it is so ordered.