## MONTGOMERY v. UNITED SALT CORPORATION.

### No. 10537.

Court of Civil Appeals of Texas. Galveston.

Dec. 16, 1937.

Rehearing Denied Jan. 13, 1938.

Williams, Lee, Sears & Kennerly, of Houston (R. B. Voight and Sam R. Fisher, both of Houston, of counsel), for appellant.

Sewell, Taylor, Morris & Garwood, of Houston, for appellee.

GRAVES, Justice.

Under the disposition determined upon for this appeal, no opinion is required of this court; but in deference to the able counsel for both sides, who have so helpfully briefed and argued it, this general statement of the grounds upon which the decision is based is made:

In his trial petition, the appellant sued the appellee, as his employer, who was a subscriber under the Employer's Liability Law, Vernon's Ann.Civ.St. art. 8306 et seq., for $910 damages at common law for its alleged negligence in furnishing him contaminated water to drink while in its service working in its underground salt mine, whereby he had become affected with amoebic dysentery, to his great bodily injury, hurt, and suffering.

In so doing, he declared he had twice presented "his claim to be compensated for such injuries and to have such medical and hospital expenses paid under the terms of the Employer's Liability Act of the state of Texas" to the Industrial Accident Board, but that it had, by its respective orders dated November 20 of 1935, and February 12 of 1936, which second order had been entered nunc pro tunc as of the

date of the first one, denied him any relief, first holding "that said plaintiff had not sustained an injury covered by the terms of said act," and next time holding "that the board had no jurisdiction over said claim," attaching copies of both such orders to his petition "for jurisdictional purposes only."

After having thus declared the amenability of both himself and his employer to the compensation law, and that he had so drunk the contaminated water to his injury while in the course of that employment for the appellee, he further declared, in paragraph 3 of his petition, that such water had also been drunk by him at times other than during the hours in which he was in the course of that employment, that is, when he was outside of it; that at such other times—when he was outside the course of his employment—he was an invitee of the appellee, who, to use his own language, "was under a duty to use reasonable care that such water was pure, wholesome and unpolluted; but that defendant failed to exercise such reasonable care and the water furnished and offered was contaminated and polluted, which fact was unknown to plaintiff at all times material to this suit, and as a result of drinking such water at the places and times aforesaid, plaintiff developed diseases of the intestinal tract, which diseases were the result of the carelessness or negligence of the defendant, its agents, managers, servants and/or employees, without any fault, carelessness or negligence whatsoever on the part of the plaintiff."

Without going into the trial upon its merits, the learned trial judge sustained this plea in abatement of the cause of action so declared upon, as presented by the appellee, and dismissed appellant's suit:

"6. Without waiving the foregoing pleas in abatement, but still insisting upon the same, and answering further only in the event said pleas are overruled, this defendant would further show to the court that this suit was prematurely and improperly brought, in that a final award having been entered in this suit on November 20, 1935, and a further order having been entered on February 12, 1936, the validity of which this defendant does not now admit but in all things denies, the plaintiff has in all things failed to prosecute an appeal from said order of the Industrial Accident Board denying his claim for compensation, and has permitted the time within which said appeal might be taken to the courts of this state, under the provisions of the law of this state, to elapse, and said time having long since elapsed, under the provisions of the Workmen's Compensation Law of this state no cause of action against this defendant exists, but that the order of the Industrial Accident Board being final and conclusive, and being a final order within the meaning of those terms, as used within the provisions of the Workmen's Compensation Law of this state, the only remedy available to plaintiff was an appeal to the courts under the provisions of said law, and plaintiff having failed to perfect said appeal is bound by said final action of the board denying his claim for compensation.".

So that, the appeal comes here from the order sustaining the quoted plea in abatement and not, as appellant apparently assumes, from the sustaining of a general demurrer to his cause of action as set out in his cited petition.

This court concludes that the trial court was correct, and that the cause is ruled by the reported case of Gordon v. Travelers' Insurance Company, Tex.Civ. App., 287 S.W. 911, 912, decided by the Amarillo Court of Appeals, with writ of error refused by the Supreme Court, which appears to be the only extant appellate court opinion in Texas rendered upon analogous facts.

Since the material facts in the quoted plea in abatement—that is, that resort was had to the court long after the prescribed time—are undisputed, the sole question of law presented here is whether it was properly sustained. On what seems to this court to be the legal equivalent of the same state of facts, in so far as affects that question, this declaration in the cited Gordon Case seems to foreclose it:

"Under the facts set up in the petition, appellant's employer was a subscriber under our Compensation Law, and he, by his conduct, had waived his right of action at common law against such employer. Revised Statutes 1925, art. 8306, §§ 3 and 3a; Middleton v. Texas Power & Light Co., supra, [108 Tex. 96, 185 S.W. 556]; Oilmen's Reciprocal Ass'n v. Franklin [116 Tex. 59], 286 S.W. 195; Castleberry v. Frost-Johnson Lumber Co. (Tex.Com. App.) 283 S.W. 141; Millers Indemnity Underwriters v. Braud et al., 270 U.S. 59, 46 S.Ct. 194, 70 L.Ed. 470."

496

Appellant's two-pronged declaration of his cause of action in this instance, wherein he so sought to prescribe both under and outside of the compensation law did not accomplish such a result; they were not even made in the alternative, hence his mere ipse dixit, after declaring both himself and his employer amenable to the compensation statute, did not at the same time yet leave them in the relation toward each other of owner and invitee upon the premises; on the contrary, these averments in quoted paragraph 3 of having drunk some of the water in the mine at other than during working hours for his employer, can only mean—presumably at least—that he so drank it when he was on the premises in some sort of connection with his work there, such as during times before the work had actually begun, or after it had ceased, or perhaps during the lunch or recreation hours; this situation would not make of him such an invitee at law as he deems himself to have been, but would merely amount in ultimate effect to classifying him as being still in the course of his employment for the appellee. Southern Surety Co. v. Shook, Tex.Civ.App., 44 S.W.2d 425; Security Union Insurance Co. v. McClurkin, Tex.Civ.App., 35 S.W.2d 240; Indemnity Insurance Co. v. Wright, Tex.Civ.App., 69 S.W.2d 438; Texas Employers' Insurance Association v. Harbuck, Tex.Civ.App., 73 S.W.2d 113; Continental Casualty Co. v. Canales, Tex.Civ. App., 100 S.W.2d 797; Wynn v. Southern Surety Co., Tex.Civ.App., 26 S.W.2d 691; Employers' Liability Assurance Corporation v. Light, Tex.Civ.App., 275 S.W. 685; Malley v. Union Indemnity Co., Tex. Com.App., 12 S.W.2d 1002; Watts v. Continental Casualty Co., Tex.Com.App., 18 S.W.2d 591.

While this court thinks the nunc pro tunc order of the accident board of February 12 of 1936, undertaking to so alter or amend its prior or final judgment upon the appellant's claim, of November 20 of 1935, was null and void because entered without prior notice to the interested parties and affording them opportunity to be heard, it is deemed unnecessary to further discuss that feature, since what has already been said determines the merits of the appeal.

In further support of our holding that the plea in abatement was properly sustained, these authorities are cited: Griffith v. Associated Employers' Reciprocal, Tex. Civ.App., 10 S.W.2d 129; West Texas Utilities Co. v. Renner, Tex.Civ.App., 32 S.W.2d 264, reversed on other grounds, Tex.Com.App., 53 S.W.2d 451; Mingus v. Wadley, 115 Tex. 551, 285 S.W. 1084; Oilmen's Reciprocal Ass'n v. Franklin, 116 Tex. 59, 286 S.W. 195.

These conclusions require an affirmance of the trial court's judgment; it will be so ordered.

Affirmed.

PLEASANTS, C. J., absent.