**HUCKABAY v. HUGHES TOOL CO.**

No. 10643.

Court of Civil Appeals of Texas. Galveston.

Nov. 10, 1938.

Rehearing Denied Dec. 8, 1938.

John A. Vivier, Bryan, Suhr, Bering & Bell, and Chas. W. Bell, all of Houston, for appellant.

T. D. Anderson, Richard F. Burns, and Andrews, Kelley, Kurth & Campbell, all of Houston, for appellee.

GRAVES, Justice.

This appeal involves only the question of whether or not appellant, in the allegations of his trial-petition, stated a good cause-of-action against his employer, the appellee, who at all times was a subscriber under the Employer's Liability Law, Vernon's Ann.Civ.St. art. 8306 et seq., for damages resulting from the appellee's violation of a claimed statutory duty toward appellant under R.S. Article 5174, or—independently of that statute—from certain other specifically alleged acts of negligence upon its part toward him, under the common law.

That petition thus stated how he received the injury for which he sought to so hold the appellee responsible, the trial

**234**

court having sustained a general demurrer to his declaration and dismissed the suit, on his declining to amend, to-wit:

"That the defendant is engaged, as it has been for some time past, in the manufacture of specialized oil industry tools, and in connection therewith, maintains and operates, as it has at the times of the acts and things hereinafter complained of and at all times material to the cause of action herein asserted, a factory, mill, workshop or plant within the City of Houston, Harris County, Texas, wherein such manufacturing process is and has been so carried on by the defendant, and wherein plaintiff was regularly and steadily employed by defendant for a period of about fifteen months prior to November 23, 1934, on or about which last-named date plaintiff was forced to quit work because of the matters and things hereinafter related; that during all of said period of time plaintiff was regularly attached and assigned to Department 100 of defendant's said factory, mill, workshop or plant, where his regular duties consisted of operating a drill press, doing bench work, stamping, stencil work, etc., but commencing about the middle of the year 1934, the exact date being unknown to plaintiff, he was at intervals taken out of his regular routine and usual duties, and out of said Department 100, and to various other departments, where and out of such regular routine he was for various periods of time set to the task of grinding steel and other metal parts with and against emery and emery-wheels, the exact dates and durations of such periods of grinding being unknown to plaintiff, but the same having continued intermittently up until the time he was forced to quit work, as hereinabove alleged; that in the course of such grinding process and on each and all of the occasions when he was compelled to perform the same, and as an incident thereto, quantities of dust and foreign particles, including particularly metallic filings of shavings and emery-dust laden with silica, were created and set free in the air within defendant's said establishment and in close proximity to the plaintiff, who was forced to and did breathe, inhale and take the same into his lungs, and that as the direct and proximate result and cumulative effect of such extended exposure and inhalation over the period of time aforesaid, and up until the time he was forced to quit work, and as the direct and proximate result of the negligence of the defendant in the particulars herein set out, plaintiff became ill and diseased."

Further averments declared that he had first filed a claim for compensation with the Industrial Accident Board, later settling it for $250 by a compromise-agreement with Hartford Accident and Indemnity Company, appellee's compensation-carrier; that the Board approved the settlement by an order of August 15 of 1935, appellant having in connection therewith also executed a release covering all the injuries and disabilities so sustained, but never having been able to return any part of the $250 to the Indemnity Company. This suit in court for the damages here claimed was filed thereafter on March 15 of 1937.

Through his able counsel appellant frankly concedes that the single question he thus presents has been foreclosed by this court's former decision in the county court cause of Montgomery v. United Salt Corporation, Tex.Civ.App., 112 S.W.2d 494, writ of error dismissed; but he argues that it erred in grounding that holding upon Gordon v. Travelers' Insurance Company, Tex.Civ.App., 287 S.W. 911, writ of error refused, upon the claim that the material facts affecting that issue in the two causes were not analogous.

■ With that contention this court cannot see eye to eye, being constrained to adhere to its former determination that those two causes—as affects the sole point at bar here—were in effect legal equivalents; it was expressly recited in the opinion that the determination of the Montgomery appeal was not · discussed at length, but rested upon a mere statement of the ground of the holding; however, after re-examining the rationale of those two deliverances, it is not thought they are susceptible of being distinguished in the way appellant undertakes—rather that they are one and the same upon the substantive conclusion that our Compensation Act (whatever may be said of those elsewhere) plainly provides an exclusive remedy for the employee, and that when he knowingly takes employment with a subscriber thereto, complies with the terms of that Act, prescribes according to it, and then accepts compensation-benefits thereunder, he thereby waives any cause-of-action at common law against his employer; such seems to be the clear implication from the Act, as reflected in sections 3 and 3a of R.S. Article 8306, Vernon's Ann.

Civ.St. Art. 8306, §§ 3, 3a. If that be a correct construction, then, irrespective of whether or not the appellant in this instance contracted what is termed an "occupational disease", he had no cause-of-action in the courts at common law against his employer, the appellee.

■ However tempting it might be to follow the appellant's courteous and learned counsel into an extended consideration of the many grounds upon which the view here taken is based, that would be little more than a work of supererogation on the part of a busy court, since many other appellate-tribunals, including some of other jurisdictions, have also relied upon the Gordon Case, supra, among them these: Travelers' Insurance Co. v. Lancaster, Tex.Civ.App., 71 S.W.2d 318; Associated Indemnity Corp. v. Baker, Tex.Civ.App., 76 S.W.2d 153; Odom v. Indemnity Co., Tex.Civ.App., 111 S.W.2d 1143; Hock v. Texas Employers' Ins. Asso., Tex.Civ. App., 80 S.W.2d 793; Howard v. Texas Company, D.C., 48 F.2d 888.

The material portions of those two provisions are as follows:

"Sec. 3. The employés of a subscriber and the parents of minor employés shall have no right of action against their employer or against any agent, servant or employé of said employer for damages for personal injuries, and the representatives and beneficiaries of deceased employés shall have no right of action against such subscribing employer or his agent, servant or employé for damages for injuries resulting in death, but such employés and their representatives and beneficiaries shall look for compensation solely to the association, as the same is hereinafter provided for. * * *

"Sec. 3a. An employé of a subscriber shall be held to have waived his right of action at common law or under any statute of this State to recover damages for injuries sustained in the course of his employment if he shall not have given his employer, at the time of his contract of hire, notice in writing * * *."

The apparently plain purport of that enactment was to supersede all common law causes of action and, in lieu thereof, to thereafter vouchsafe to the employee only the certain and enforceable relief specially provided for in the Compensation Act. That construction was directly put upon it by the two Courts of Civil Appeals in the Gordon and Montgomery Cases, respectively, as well as by the others listed as having aproved it, and, in the manner indicated supra, our Supreme Court declined to interfere in either instance.

So, the matter would seem to be at rest in Texas until our court of last resort reverses itself and takes the view of the appellant instead; indeed, the precise position appellant depends upon—that is, and independently for the nonce of whether or or not his disease was an "occupational one", he can now ignore all consequences flowing from his employer's having been a Subscriber at all times and the quoted conditions under which that disease was contracted, and yet sue at common law for damages for the negligent infliction of it upon him—has been unequivocally thus determined adversely to him in the Gordon Case, 287 S.W. 912, with the Supreme Court's approval:

"Appellant alleges, in the alternative, that, if he is not entitled to compensation under our Workmen's Compensation Act, he is entitled to recover against his employer, the Tidal-Western Oil Corporation, on its common-law liability for failing to furnish him a safe place, and safe appliances with which, to perform his work.

"Under the facts set up in the petition, appellant's employer was a subscriber under our Compensation Law, and he, by his conduct, had waived his right of action at common law against such employer. Revised Statutes 1925, art. 8306, § 3 and 3a; Middleton v. Texas Power & Light Co., supra; Oilmen's Reciprocal Ass'n v. Franklin, (Tex.Com.App.), 286 S.W. 195; Castleberry v. Frost-Johnson Lumber Co. (Tex.Com.App.), 283 S.W. 141; Millers' Indemnity Underwriters v. Braud et al., 270 U.S. 59, 46 S.Ct. 194, 70 L.Ed. 470.

"The appellant could not recover at common law against his employer for the additional reason that no recovery was allowed at common law for occupational or industrial diseases. Miller v. American Steel Wire Co., 90 Conn. 349, 97 A. 345, L.R.A.1916E, 510."

It, therefore, must have been the meaning of the Amarillo court that Gordon was in no event entitled to recover damages at common law, after having been so enmeshed with the Compensation Act, because the fact that no recovery was allowable at common law for such a disease was thus merely given as an additional reason for denying his claim.

These conclusions standing alone, if sound, are thought to determine the merits of this appeal, hence no others are deemed necessary. They require an affirmance of the trial court's judgment; it will be so ordered.

Affirmed.

MONTEITH, J., participating as Special Commissioner.