Claudia **LOTSPEICH** et vir, Appellants,

v.

**CHANCE VOUGHT AIRCRAFT** et al.,
Appellees.

No. 16172.

Court of Civil Appeals of Texas.

Dallas.

May 10, 1963.

Rehearing Denied July 26, 1963.

Mullinax, Wells, Morris & Mauzy, Dallas, for appellants.

Thompson, Knight, Wright & Simmons, Pinkney Grissom, Rust E. Reid and John A. Gilliam, Dallas, for appellees.

BATEMAN, Justice.

Appellant Claudia Lotspeich (and husband) sued Chance Vought Aircraft, herein called the Company, and its regularly employed physician, Dr. John D. Horgan, for damages on account of appellees' failure to tell her that she had active tuberculosis, a condition alleged to have been disclosed by X-rays of her chest taken by appellees as part of her pre-employment physical examination. The trial court sustained appellees' motion for summary judgment, and our careful consideration of the entire record convinces us that there was no error in doing so.

Appellant's first five points and her seventh and eighth points challenge the action of the trial court in holding that appellant's pleadings and the depositions and affidavits on file show as a matter of law that she has no cause of action against appellees. Her sixth point asserts that the court erred in holding by necessary implication that her cause of action was extinguished by the Texas Workmen's Compensation Act. We shall discuss these two groups of contentions in inverse order.

## FACTS

The following facts appear without dispute from the depositions and affidavits:

Appellant worked for the Company twice, once in 1949 and again in 1952. Incident to each employment she underwent a physical examination, including chest X-rays at the hands of Company doctors and nurses on Company premises. She and others being examined were told by "the nurses" that if the examinations revealed anything wrong with them they would be told about it. Appellant began her last employment on June 16, 1952, the date of her examination, and quit in September 1952. She was told by Air Force doctors in 1955 that their X-ray examination of her chest revealed active tuberculosis. Subsequently two doctors in Denver, Colorado examined the X-ray plates made of her chest by the Company on June 16, 1952, and one of them was of the opinion that they showed a large cavitary lesion in her left chest and the other was of the opinion that they showed very

definite evidence of far-advanced pulmonary disease, probably tuberculosis, and would have indicated to him complete diagnosis and further treatment.

The appellee Dr. John D. Horgan was in charge of the Company's medical department since December 1950. He interpreted appellant's chest X-rays and noted thereon: "Negative for pulmonary pathology; cardiac shadow within normal limits." On re-examination thereof at the time of his deposition he said, "As I see it today, if I saw that I would want another film."

The Company had a general rule that required an employee to have a physical examination within the three days preceding his or her going to work. In 1952 X-rays of applicants for employment were in no case read by Dr. Horgan or by any employee working under his supervision in less than three weeks after the X-rays were taken, and in many cases not until from four to eight weeks after they were taken, unless the history of the applicant indicated that they should be read immediately. The physical examination record and medical history given by appellant on June 16, 1952 were considered by Dr. Horgan as routine and not indicative of an immediate reading of her X-ray plates. Throughout the year 1952 the Company was insured under a policy of Workmen's Compensation Insurance under Texas Law.

## OPINION

*Effect of Workmen's Compensation Law.*

■ Appellant contends that, since she is not claiming damages for injuries received in the course of her employment, the duty of appellees to warn her of the existence of the disease did not arise out of the employer-employee relationship, but was a continuing duty fixed as a matter of public policy and continued throughout the course of her employment, and that her right of action was, therefore, not prohibited or extinguished by the Workmen's Compensation Law. We do not agree. Sec.

3 of Art. 8306, Vernon's Ann.Tex.St., provides that the employees of a subscriber "shall have no right of action against their employer or against any agent, servant or employé of said employer for damages for personal injuries, etc." Our Courts are fairly uniform in holding that in view of this provision, the remedy given by the Workmen's Compensation Law is exclusive and that the employee has no right of action against his employer on account of bodily injuries sustained in the course or scope of the employment (except for injuries resulting from an intentional or willful act of the employer), *even though the injury complained of may not be compensable* under the Workmen's Compensation Law. Gordon v. Travelers Ins. Co., Tex.Civ.App., 287 S.W. 911, err. ref.; Montgomery v. United Salt Corp., Tex.Civ.App., 112 S.W. 2d 494, err. dis.; Huckabay v. Hughes Tool Co., Tex.Civ.App., 122 S.W.2d 233, err. dis.; Robertson v. C. A. Bryant Co., Tex. Civ.App., 127 S.W.2d 549, err. dis. "judgment correct." See also Tourville v. United Aircraft Corp., 2 Cir., 262 F.2d 570.

In Gordon v. Travelers Ins. Co., supra, it was held that an employee had no valid claim under the Workmen's Compensation Law for injuries resulting from disease caused by his inhaling poisonous fumes while in the course of his employment; also that, not having given the notice mentioned in Sec. 3a, Art. 8306, V.A.T.S., the employee had waived his right of action at common law against his employer. The Supreme Court refused writ of error and we have found no case, and have been cited to none, questioning the validity of those holdings.

Appellant also contends that the existence of the Workmen's Compensation Insurance policy was not established by the affidavit of the Company's Insurance and Retirement Manager, wherein he stated under oath that during the year 1952 the Company was insured under such a policy written by Liberty Mutual Insurance Company, because a sworn or certified copy of the policy was not attached to the affidavit as required by

subdivision (e) of Rule 166–A, Vernon's Texas Rules of Civil Procedure. No such objection was made in the trial court as required by Rule 90, Vernon's Texas R.C.P.; therefore we hold that the defect, if any, was waived. Employers Mutual Casualty Co. v. Lee, Tex.Civ.App., 352 S.W.2d 155, no wr. hist.; Wade v. Superior Ins. Co., Tex.Civ.App., 244 S.W.2d 893, err. ref. Especially would this be true when, as here, all appellees were trying to prove was the existence of the insurance coverage, not the details of the policy itself. Salinas v. Salinas, Tex.Civ.App., 77 S.W. 2d 568, err. dis.

■ Appellant also takes the position that appellees failed to meet the burden of showing that her cause of action arose while she was an employee, suggesting that it arose at the time of the examination, at which time she was an invitee rather than an employee. It is our view that under the undisputed facts appellant's employment began on June 16, 1952, the date of the examination, and that the appellees could not have learned of the tuberculosis until at least three weeks thereafter, which would be the earliest time the cause of action could have arisen, and that appellant was indubitably an employee of the Company at that time.

■ But even if we were to consider that the cause of action arose at the very time of her physical examination, and before she actually began her work for the Company, we would be compelled to hold that, so far as the applicability of the Workmen's Compensation Law is concerned, she was an employee and subject to and covered by that Law while being given the physical examination. Ott v. Consolidated Underwriters (Mo.App.), 311 S.W.2d 52, and Smith v. Venezian Lamp Co., 5 A.D. 2d 12, 168 N.Y.S.2d 764.

In the case before us, the physical examination was conducted on the employer's premises, not for the benefit of the applicant, but wholly for the benefit of the employer and under its direction and control. Therefore, it is clear that appellant was an employee when the duty arose, if it did, to tell her of her disease, regardless of whether that duty came into being at the time of the examination or at least three weeks later when her X-ray plates were read and interpreted. Federal Surety Co. v. Ragle, Tex.Com.App., 40 S.W.2d 63; Heacker v. Southwestern Bell Telephone Co., 5 Cir., 270 F.2d 505.

■ Accordingly, we hold that appellant's right of action, if any ever existed, was extinguished by the Workmen's Compensation Law, Art. 8306, Sec. 3, V.A.T.S.

*Did appellant have a cause of action?*

That brings us to a consideration of the question raised by appellant's points of error one through five, seven and eight, wherein she assails the implied holdings of the trial court that it appeared as a matter of law, aside from the prohibition of Sec. 3, Art. 8306, V.A.T.S., that appellant had no cause of action against either the Company or Dr. Horgan. Appellant sues upon two alternative grounds: (1) that her tubercular condition was revealed to appellees by the examination of June 16, 1952 and that they were negligent in withholding and concealing this information from her and in not disclosing it to her; and (2) in the alternative, if they did not know of her tuberculosis they were negligent in failing to examine the X-rays and properly diagnose and identify the tuberculosis symptoms pictured thereon. The first ground raises the question of whether the employer and its physician owed appellant the duty to *disclose known information* concerning her health, while the second raises the question of whether the employer and its physician, having undertaken to examine her, owed her a duty to *discover* her tubercular condition.

In her brief appellant addresses herself only to the first ground and, assuming that without question appellees *knew* of her disease, argues and presents authorities to

the effect that by their silence they breached a duty to impart this knowledge to her. But the record before us discloses affirmatively and without dispute that appellees did not have this knowledge; therefore, appellant is relegated to her second and alternative ground of recovery based upon appellees' breach of their alleged duty to *discover* the disease.

■■ The record before us indicates an issue of fact on whether appellees exercised ordinary care when they failed to discover the tuberculosis; but this failure would not be actionable negligence unless appellees owed appellant a legal duty to discover it. 30–B Tex.Jur. 175, § 5. This was not the usual relationship of physician and patient. Dr. Horgan was employed by the Company to determine whether this woman was qualified from a standpoint of health to do the work for which she had applied. This was wholly for the benefit of the Company, and the doctor owed to it alone the duty to perform efficiently the work the Company had employed him to do. Appellant must be charged with knowledge of this. She did not select Dr. Horgan to examine her for her benefit, and she did not ask him for a report. She had no legal right to demand that he exercise any care whatever in conducting the examination, except to avoid injuring her. We find no Texas authorities on this point, but at the same time we find none in any jurisdiction holding that either a physician examining a job applicant, or the employer, owes any duty to the applicant *to discover* the presence of disease. Such a holding would place an unreasonable burden on employers.

Therefore, there being no duty on appellees to *discover* the tuberculosis, there could be no actionable negligence in their failure to do so.

Affirmed.

### On Motion for Rehearing

Appellant earnestly attacks our holding that the affidavit of the Company's Insurance Retirement Manager, which stated that the Company did carry workmen's compensation insurance, was sufficient to support the summary judgment, even though a sworn or certified copy of the policy was not attached. Appellant asserts that our holding conflicts with that of the Supreme Court in Gardner v. Martin, 162 Tex. 156, 345 S.W.2d 274, which was a suit for debt and foreclosure on land and wherein the defendants pled that the controversy had been adjudicated in their favor in another suit in the same court between the same parties and filed a motion for summary judgment referring to such former judgment, but not attaching a certified or sworn copy thereto. It is true that the court, speaking through Mr. Justice Griffin, held that relief by summary judgment can be granted only when the provisions of Rule 166–A are strictly complied with, and that such compliance required that certified copies of the documents referred to in the affidavit should be attached to the motion and that, having failed to do so, defendants were not entitled to summary judgment.

However, in a later case, Youngstown Sheet & Tube Co. v. Penn, Tex., 363 S.W.2d 230, the Supreme Court, speaking through Mr. Justice Walker, after pointing out that no objection was urged in the trial court to the absence of sworn or certified copies of the papers referred to in affidavits attached to the motion for summary judgment, said:

"If petitioner was in any doubt as to these matters or if it was prejudiced in any way by the fact that sworn or certified copies of the operating agreements were not attached to or served with the Johnson affidavit, it should have excepted to the affidavits at or prior to the hearing. The deficiencies which it now urges appear to be purely formal, and it may be assumed that they would have been corrected upon proper exception in the trial court. We hold that objections of this kind may not be raised for the first time on appeal when it fairly appears from the

record that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law."

The Supreme Court cited the opinion of this court in Farmers & Merchants Compress & Warehouse Co. v. City of Dallas, Tex.Civ.App., 335 S.W.2d 854, err. ref. n. r. e., in which we made the same holding, citing the opinion of the Austin Court of Civil Appeals in Lobit v. Crouch, Tex.Civ. App., 293 S.W.2d 110, err. ref. n. r. e.

■ In a sincere effort to apply here the doctrine announced in the latest expression of the Supreme Court on the subject in Youngstown Sheet & Tube Co. v. Penn, supra, we adhere to our original holding that appellant's objection to the absence of a sworn or certified copy of the insurance policy as an exhibit to the affidavit in question, not having been raised in the trial court and an opportunity given to appellee to correct the defect, was waived. Rule 90 Vernon's Texas R.C.P. We say this with confidence because we think "it fairly appears from the record that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." If appellant had seriously contended that there was a "contested fact issue" concerning the existence of this insurance coverage, as she now asserts in her motion for rehearing, it is our feeling that she would have insisted by special exception that a sworn or certified copy of the policy be filed in connection with the motion for summary judgment, or requested appellee to admit there was no such policy under Rule 169, Vernon's Texas R. C.P., or requested additional time to establish by deposition the absence of such policy, as authorized by subdivision (f) of Rule 166–A.

■ The complaint of appellant is in reality that the affidavit in question violates the best evidence rule. We adhere to our former holding that the affidavit was sufficient because all it purported to establish was the existence of a certain type of policy, not its contents; and in addition to the cases cited in support of that holding in the main opinion, we would also cite Howard v. Britton, 71 Tex. 286, 9 S.W. 73; Wolf v. Wilhelm, Tex.Civ.App., 146 S.W. 216, err. ref.; Hatfield v. Hatfield, Tex. Civ.App., 233 S.W. 350, err. dism.; Kansas City Life Ins. Co. v. Fisher, Tex.Civ.App., 83 S.W.2d 1063, err. dism.; Haynes B. Ownby Drilling Co. v. McClure, Tex.Civ. App., 264 S.W.2d 204, err. ref. n. r. e.; 23 Tex.Jur.2d 335–349, § 223; McCormick and Ray, Tex. Law of Evidence, Vol. 2, 409, § 1566, wherein it is said:

"The rule requiring the production of original writings applies only where the purpose of the evidence offered is to prove the *contents* of the document, for it is only in such cases that the principal danger, that of inaccurate transmission of the terms of the writing, exists. Consequently evidence to the effect that a certain document is in existence, or as to its execution, or delivery, is not within the rule and may be given without producing the document."

Appellant also complains of our finding that the X-ray plates were not read by Dr. Horgan or any employee working under him in less than three weeks after the X-rays were taken, as being based wholly on the testimony of Dr. Horgan, an interested party whose testimony is uncorroborated. Appellant offered nothing on the hearing of the motion for summary judgment to cast doubt or suspicion upon the testimony, and it is our opinion that it comes within a well-recognized exception to the general rule, as expressed in the following excerpt from 24 Tex.Jur.2d 375, § 714:

"Ordinarily, the jury is not bound by the uncontradicted testimony of an interested witness. However, under an exception to this general rule, if the uncontradicted testimony of an interested witness is clear, direct, positive,

and free of inconsistency, and if there are no circumstances that tend to cast suspicion on it, the witness' testimony must be accepted as true as a matter of law and no issue of fact is created for the jury."

■ Many authorities are cited in support of the above text including Cochran v. Wool Growers Central Storage Co., 140 Tex. 184, 166 S.W.2d 904, 908, wherein it is said:

"But there is an exception to this rule, which is that where the testimony of an interested witness is not contradicted by any other witness, or attendant circumstances, and the same is clear, direct and positive, and free from contradiction, inaccuracies, and circumstances tending to cast suspicion thereon, it is taken as true, as a matter of law."

■ Furthermore, we think it can now properly be said to be the law in Texas that the uncorroborated affidavit or deposition of an interested party or witness will support a summary judgment in the absence of a controverting affidavit or of an attempt by the party against whom the motion is urged to avail himself of the right under subdivision (f) of Rule 166–A, Vernon's Texas R.C.P., and seek such delay as may be necessary to secure affidavits or take depositions to controvert the facts stated by the interested party or witness in his affidavit. Bottomed upon the holding to that effect in Fowler v. Texas Employers Insurance Ass'n., Tex.Civ.App., 237 S.W.2d 373, err. ref.; Rolfe v. Swearingen, Tex.Civ.App., 241 S.W.2d 236, err. ref. n. r. e.; and Gifford v. Travelers Protective Ass'n., 9 Cir., 153 F.2d 209, 211, the Court of Civil Appeals at Waco in Holland v. Lansdowne-Moody Co., Tex.Civ.App., 269 S.W.2d 478, 481, no wr. hist., said:

"It is the law that where a plaintiff, at a hearing on defendant's motion for summary judgment under Rule 166–A, files no counter affidavits, and makes no showing other than as stated in their pleadings, and makes no showing that affidavits are unavailable, he in effect admits the facts alleged in defendant's sworn affidavits supporting the motion, and for which reason cannot complain of the court's granting the motion for summary judgment."

■ As so clearly stated by Mr. Justice Pope in Rolfe v. Swearingen, supra:

"Summary judgment proceedings do not seek to decide issues of fact, but to ascertain if any genuine issues of material fact exist. * * * Appellees' showing was supported by sworn factual statements sufficient upon their face to establish a complete defense to everything appellants alleged. The verity of those sworn statements was in no way challenged by counter-affidavits or other sworn statements. In the hearing to locate the dispute about genuine and material facts, all facts stood undisputed, unchallenged, and uncontroverted. When such a condition exists, there are no facts to try."

But, as pointed out in our main opinion, regardless of the correctness of our position with respect to the showing made as to coverage of the employer under the workmen's compensation law and the question as to whether appellant was an employee at the time her cause of action, if any, arose, or whether under the law the cause of action was extinguished by the workmen's compensation law, in the final analysis this case turns on the question of whether the appellees owed appellant any duty to discover and disclose to her the fact that she had tuberculosis. Appellant says that our holding in this respect was erroneous, citing the early case of Missouri, K. & T. Ry. Co. of Texas v. Wood, 95 Tex. 223, 66 S.W. 449. We have carefully studied the opinion in that case and find nothing in it to suggest, much less require, changing our disposition of this case.

The motion for rehearing is overruled.