

**FILED**

**March 8, 2016**

TENNESSEE
WORKERS' COMPENSATION
APPEALS BOARD

**Time: 8:00 AM**

# TENNESSEE BUREAU OF WORKERS' COMPENSATION
## WORKERS' COMPENSATION APPEALS BOARD

| | |
|---|---|
| Kathy Hamilton | ) Docket No. 2015-03-0156 |
| | ) |
| v. | ) |
| | ) State File No. 13067-2015 |
| Kenco Logistics Services, LLC, et al. | ) |
| | ) |
| | ) |
| Appeal from the Court of Workers' | ) |
| Compensation Claims | ) |
| Pamela B. Johnson, Judge | ) |

---

### Affirmed and Certified as Final – March 8, 2016

---

This appeal arises from a bifurcated compensation hearing in which the trial court was asked to address the compensability of the employee's alleged lumbar spine injury, which occurred while she was undergoing a pre-employment physical at the invitation of the company assuming the contract to operate the facility where she worked. Following the bifurcated compensation hearing, the trial court determined that the alleged injury did not occur in the course and scope of employment with either her current or prospective employer and entered an order dismissing the employee's claim against both companies. The employee has appealed. We affirm the trial court's decision.

Judge Timothy W. Conner delivered the opinion of the Appeals Board, in which Judge Marshall L. Davidson, III, and Judge David F. Hensley joined.

Glen B. Rutherford, Knoxville, Tennessee, for the employee-appellant, Kathy Hamilton

D. Brett Burrow, Nashville, Tennessee, for the employer-appellee, Kenco Logistics Services, LLC

Owen Lipscomb, Brentwood, Tennessee, for the employer-appellee, Genco Distribution Systems

## Factual and Procedural Background

Kathy Hamilton ("Employee"), a fifty-eight-year-old resident of Knox County, Tennessee, worked at a Glaxo Smith Kline ("GSK") facility in Knox County.[1] At the time of her hire in 2007, GSK had contracted with Kenco Logistics Services, LLC ("Kenco") to operate the facility, and Kenco was Employee's employer at the time of the alleged accident. In late 2014 or early 2015, Employee became aware that another company, Genco Distribution Systems ("Genco"), had been awarded the contract to operate the GSK facility where she worked. Any Kenco employee who wanted to remain employed at the facility and become a Genco employee had to satisfy four prerequisites: (1) complete a satisfactory background check; (2) pass a drug screen; (3) complete a pre-employment physical examination; and (4) remain an employee in good standing with Kenco until the date of the transition on April 1, 2015.

On January 30, 2015, Employee appeared for a pre-employment physical at an off-site medical facility. The medical facility was not operated by any person or entity associated with Kenco or Genco. In preparation for the physical evaluation, Employee signed a "Physical Performance Evaluation and Consent, Waiver & Release Form," which included the language: "No person or entity has coerced or forced me to take the PPE and my decision to participate is made voluntarily." During the physical performance evaluation, Employee lifted a fifty-pound box and reported suffering a lumbar injury.

At the time Employee appeared for the pre-employment physical, she was not on the job for Kenco and had not been hired by Genco. Further, she had not been required or instructed to attend the pre-employment physical as a condition of her continued employment with Kenco, and she was not paid by either company for her attendance at the pre-employment physical examination. However, as an incentive for prospective employees to attend the pre-employment physical, Genco offered a "coupon" for a $50.00 gift card to any Kenco employee who attended the pre-employment physical and subsequently became a Genco employee. The parties agree that Employee received a gift card even though she was never hired by Genco.

Following a bifurcated compensation hearing to address the compensability of Employee's injury, the trial court entered an order denying Employee's claim and dismissing her cause of action with prejudice. The trial court concluded that her injury "did not result from a danger or hazard peculiar to her work [nor was it] caused by a risk inherent in the nature of her work." Moreover, the trial court determined that the injury "did not occur in the course or scope of employment with Kenco or Genco." Employee

---

[1] Because none of the parties elected to file a transcript or statement of the evidence on appeal, we have gleaned the facts from the technical record, pre-hearing statements, exhibits, and the Compensation Hearing Order.

2

timely filed her notice of appeal and, on February 8, 2016, filed a "Notice by Appellant" indicating she did not intend to file a transcript, a statement of the evidence, or a brief on appeal.[2]

## Standard of Review

The standard of review to be applied by this Board in reviewing a trial court's decision is statutorily mandated and limited in scope. Specifically, "[t]here shall be a presumption that the findings and conclusions of the workers' compensation judge are correct, unless the preponderance of the evidence is otherwise." Tenn. Code Ann. § 50-6-239(c)(7) (2014). The trial court's decision must be upheld unless the rights of a party "have been prejudiced because findings, inferences, conclusions, or decisions of a workers' compensation judge:

(A) Violate constitutional or statutory provisions;

(B) Exceed the statutory authority of the workers' compensation judge;

(C) Do not comply with lawful procedure;

(D) Are arbitrary, capricious, characterized by abuse of discretion, or clearly an unwarranted exercise of discretion;

(E) Are not supported by evidence that is both substantial and material in the light of the entire record."

Tenn. Code Ann. § 50-6-217(a)(3) (2015). Like other courts applying the standards embodied in section 50-6-217(a)(3), we will not disturb the decision of the trial court absent the limited circumstances identified in the statute.

## Analysis

Tennessee law is clear that the appealing party has the burden to ensure that an adequate record is prepared on appeal. As explained by one court,

> [t]he appellant has the duty of preparing a record that conveys a fair, accurate and complete account of the proceedings in the trial court with respect to the issues on appeal. We are provided with only the trial court's findings of facts and conclusions of law rendered from the bench and the exhibits introduced at the trial of this cause, which include three doctor's

---

[2] In circumstances where no transcript or statement of the evidence is filed, Rule 0800-02-22-.03(4) provides that a trial court may "certify the record or proceedings if the judge believes that the record provides an accurate reflection of the proceedings that occurred at trial," or may "issue an order compelling the party who filed the notice of appeal to file a transcript, a statement of the evidence, or take such other action as is necessary for the trial judge to certify the record." Tenn. Comp. R. & Regs. 0800-02-22-.03(4) (2015). The record is silent in this case concerning any such certification by the trial court, but the parties have not raised the issue on appeal. Therefore, we need not address it.

depositions. We do not have a record of the lay testimony presented to the trial court. In the absence of an adequate record on appeal, this Court must presume the trial court's rulings were supported by sufficient evidence.

*Vulcan Materials Co. v. Watson*, No. M2003-00975-WC-R3-CV, 2004 Tenn. LEXIS 451, at *6-7 (Tenn. Workers' Comp. Panel May 19, 2004) (citation omitted). *See also Jernigan v. Hunter*, No. M2013-01860-COA-R3-CV, 2014 Tenn. App. LEXIS 617, at *5 (Tenn. Ct. App. Sept. 30, 2014) ("It is the duty of the appellant to prepare a record which conveys a fair, accurate, and complete account of what has transpired in the trial court with respect to the issues that form the basis of the appeal.").

Further, including a transcript or statement of the evidence as part of the record on appeal promotes meaningful appellate review and, in turn, bolsters public confidence in the integrity and fairness of the process. As one court has observed, "[f]ull appellate consideration of a trial court's determination . . . is part of the process designed to achieve an accurate and just decision . . . ." *In re Adoption of J.D.W.*, No. M2000-00151-COA-R3-CV, 2000 Tenn. App. LEXIS 546, at *12 (Tenn. Ct. App. Aug. 16, 2000). Indeed, "[w]ithout a transcript or a statement of the evidence, the appellate court cannot know what evidence was presented to the trial court, and there is no means by which we can evaluate the appellant's assertion that the evidence did not support the trial court's decision." *Britt v. Chambers*, No. W2006-00061-COA-R3-CV, 2007 Tenn. App. LEXIS 38, at *8 (Tenn. Ct. App. Jan. 25, 2007). Accordingly, "it is essential that the appellate court be provided with a transcript of the trial proceedings or a statement of the evidence . . . ." *Id.* at *7.

Mindful of the foregoing, the dispositive issue in this appeal is whether Employee proved by a preponderance of the evidence that she suffered an injury by accident arising primarily out of and in the course and scope of her employment. It is undisputed that, although employed by Kenco at the time of the alleged injury, Employee was not performing work for Kenco; she was not on Kenco's premises; she was not attending the examination at the request of Kenco; and she was not compensated by Kenco for attending the examination. It is further undisputed that she was not an employee of Genco at the time of her injury. Thus, Employee apparently seeks workers' compensation benefits on a theory that: (1) Genco's representations concerning potential continued employment at the GSK facility created a putative or implied employment relationship between Employee and Genco, and (2) her injury arose primarily out of and within the course and scope of her putative employment with Genco.[3]

---

[3] Although Employee's theory of recovery is not expressly stated in her Pre-Compensation Hearing Statement, it is reasonably implicated by the totality of Employee's written submissions. Employee's notice of appeal likewise does not expressly explain her theory of recovery, but merely lists "[d]ispute over compensability" as the sole issue on appeal. Since we have no transcript of the compensation hearing, no statement of the evidence, and no brief on appeal, we have no way to determine Employee's precise argument on appeal or theory of recovery.

Both employers in this case rely on the Tennessee Supreme Court's decision in *Blankenship v. Am. Ordnance Sys., LLC*, 164 S.W.3d 350 (Tenn. 2005). In *Blankenship*, the employee had worked for the defendant for about fifteen years when she was temporarily laid off. *Id.* at 352. During the layoff, the employee became aware that new job opportunities within the plant were being created and that employees needed to undergo an upper body strength evaluation if they wished to apply for the new positions. *Id.* The upper body strength test was available only to current employees and not to the general public. *Id.* Employee elected to undergo the strength test, but did not pass it. Soon after completing the test, she began to experience weakness and pain in her back. *Id.* She sought treatment on her own and was diagnosed with a bulging disc. *Id.* at 353. She reported the incident to her employer about two weeks after the strength test. *Id.*

In evaluating whether the employee's injury arose out of and in the course of her employment, the Supreme Court in *Blankenship* considered several factors, including: (1) whether the strength test was voluntary; (2) whether the employee was compensated by the employer for taking the test; (3) whether taking the strength test was a condition of continued employment; and (4) whether the injury resulted from a hazard peculiar to her employment. *Id.* at 354-55. The Court concluded, "there was 'no element of compulsion' on the employer's part"; "the strength test was not a condition of the employee's continued employment or being called back to work"; and "the employee was not paid to take the test." *Id.* at 355. In addition, the Court noted, "the injury did not occur while the employee was performing a duty that she was employed or required to perform or engaged in a task incidental thereto." *Id.* As a result, the Court affirmed the trial court's denial of benefits. *Id.*

Similarly, in *Lenear v. Rehab Group*, No. E2001-02935-WC-R3-CV, 2002 Tenn. LEXIS 711 (Tenn. Workers' Comp. Panel Dec. 20, 2002), a prospective employee applied and was interviewed for a nursing assistant position. She was told that if she passed her pre-employment physical examinations, she would be hired. *Id.* at *2. During her pre-employment physical, she suffered a low back injury while lifting a 100-pound object. *Id.* In affirming the denial of workers' compensation benefits, the Panel noted that "in order for [the claimant] to recover, she must establish that the contractual relationship of employer and employee exists." *Id.* at *5. After noting that the claimant admitted she did not expect to be paid for attending the pre-employment physical, and that she was told she would be hired *if* she passed all physical exams, the Panel stated, "we must conclude, as did the trial court, that no contract of employment existed at the time [the claimant] sustained her back injury." *Id.* at *5-6.[4]

---

[4] We note that some jurisdictions have taken a different approach in addressing injuries sustained in the context of a pre-employment physical. *See, e.g., Good Samaritan Hosp. v. Jacobsen*, 634 A.2d 969 (Md. Ct. Spec. App. 1993) (post-offer, pre-employment physical was for the employer's benefit, and employer exercised "sufficient direction and control" to justify finding a "putative employment relationship"); *Lotspeich v. Chance Vought Aircraft*, 369 S.W.2d 705 (Tex. Civ. App. 1963) (tort suit arising from an

In the present case, the parties stipulated to the following facts: (1) the purpose of the pre-employment physical was for potential employment with Genco; (2) Employee was not compensated by Kenco for attending the pre-employment physical; (3) the medical facility where the pre-employment physical occurred was not on Kenco's premises; (4) Genco informed Employee that the pre-employment physical was a "pre-requisite to employment" with Genco; (5) the pre-employment physical did not "further the business of Kenco"; and (6) Employee was not performing work for Kenco when the alleged injury occurred.

Based on these stipulations, we find that the trial court correctly denied Employee's claim as to Kenco because the injury did not arise primarily out of or occur in the course and scope of employment with Kenco. Furthermore, Employee acknowledged that there was no employment relationship with Genco at the time of the alleged back injury. Employee has cited no Tennessee authority, and we are aware of none, supporting the proposition that a prospective employer's invitation for an applicant to attend a pre-employment physical examination can, standing alone, create a putative or implied employment relationship for purposes of the workers' compensation law. Consequently, we also find that the trial court correctly denied Employee's claim against Genco.

## Conclusion

For the foregoing reasons, we hold that the evidence does not preponderate against the trial court's decision dismissing this case. Additionally, we hold that the trial court's decision does not violate any of the standards set forth in Tennessee Code Annotated section 50-6-217(a)(3). Accordingly, the trial court's decision is affirmed and the Compensation Hearing Order is hereby certified as final.

Timothy W. Conner, Judge
Workers' Compensation Appeals Board

---

injury during a pre-employment physical dismissed because of the exclusive remedy provisions of the workers' compensation law).


**FILED**

**March 8, 2016**

TENNESSEE
WORKERS' COMPENSATION
APPEALS BOARD

**Time: 8:00 AM**



## TENNESSEE BUREAU OF WORKERS' COMPENSATION
## WORKERS' COMPENSATION APPEALS BOARD

| | | |
|---|---|---|
| Kathy Hamilton | ) | Docket No. 2015-03-0156 |
| | ) | |
| v. | ) | |
| | ) | State File No. 13067-2015 |
| Kenco Logistics Services, LLC, et al. | ) | |

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the Appeals Board's decision in the referenced case was sent to the following recipients by the following methods of service on this the 8th day of March, 2016.

| Name | Certified Mail | First Class Mail | Via Fax | Fax Number | Via Email | Email Address |
|---|---|---|---|---|---|---|
| Glen B. Rutherford | | | | | X | grutherford@knoxlawyers.com nshort@knoxlawyers.com |
| D. Brett Burrow | | | | | X | bburrow@burrowlee.com |
| Owen Lipscomb | | | | | | owen.lipscomb@libertymutual.com |
| Pamela B. Johnson | | | | | X | Via Electronic Mail |
| Kenneth M. Switzer, Chief Judge | | | | | X | Via Electronic Mail |
| Penny Shrum, Clerk, Court of Workers' Compensation Claims | | | | | X | Penny.Patterson-Shrum@tn.gov |

Jeanette Baird
Deputy Clerk, Workers' Compensation Appeals Board
220 French Landing Dr., Ste. 1-B
Nashville, TN 37243
Telephone: 615-253-0064
Electronic Mail: Jeanette.Baird@tn.gov