Argued January 9, affirmed March 23, 1973

# WILKEN, *Appellant, v.* VAN SICKLE, *Defendant,* FREIGHTLINER CORPORATION, *Respondent.*

507 P2d 1150

*John S. Marandas,* Portland, argued the cause for appellant. With him on the briefs were Lekas, Dicey & Marandas, Portland.

*David C. Landis,* Portland, argued the cause for respondent. With him on the brief were Jeffrey M. Batchelor and Gearin, Landis & Aebi, Portland.

HOWELL, J.

An auto driven by defendant Van Sickle collided with a vehicle in which plaintiff was riding as a passenger. Plaintiff brought this action against Van Sickle and the defendant Freightliner Corporation, contending that Van Sickle was either an agent or servant of Freightliner at the time of the accident. Plaintiff appeals from a judgment of involuntary nonsuit entered in favor of defendant Freightliner.[1]

The parties stipulated that the question of the vicarious liability of the defendant Freightliner under

---

[1] The defendant Van Sickle is no longer a party to this action as the result of a covenant not to sue.

the doctrine of respondeat superior could be determined separately by the trial court. The parties agreed that "the initial issue of whether plaintiff had made a prima facie case of agency or scope of employment" could be determined by the court using a stipulation of facts and depositions of Van Sickle and the manager of Freightliner, who eventually hired Van Sickle.

After considering the depositions and the stipulation of facts, the trial court entered a judgment of involuntary nonsuit in favor of Freightliner, because the "plaintiff has not made out a prima facie case of either agency or scope of employment."

In the instant case only one question—the vicarious liability of Freightliner—was submitted to the court sitting without a jury. The total evidence relating to that issue was contained in the stipulation and in the depositions of Van Sickle and the representative of defendant Freightliner. If the evidence as a matter of law is insufficient to create liability in Freightliner under the doctrine of respondeat superior, the judgment must be affirmed. On the other hand, if there was evidence from which a jury could find that Van Sickle was an agent or a servant in the course of his employment for Freightliner, the judgment must be reversed.

The following facts appear from the depositions and the stipulation:

On a date prior to the accident, Van Sickle applied for a job with Freightliner. On the day of the accident, he had completed his aptitude test and was given certain forms for a required medical examination to be taken that afternoon. Van Sickle was to be hired

if he passed the medical examination. The appointment was made, and the examination paid for, by Freightliner.

After completion of the examination, he was to return the forms to Freightliner's office. He did not return directly to Freightliner but instead drove to his girl friend's home in Milwaukie. After leaving her home and on his way to the Freightliner office, Van Sickle's car collided with the vehicle in which plaintiff was riding as a passenger.

Later, Van Sickle reported to the Freightliner office, was hired, and reported to work the next day.

Clearly Van Sickle, at the time of the accident, was not an employee of defendant Freightliner. It is true that the results of the medical examination were satisfactory to Freightliner, but Van Sickle did not actually become an employee until the day following the accident. Moreover, under the doctrine of respondeat superior, the plaintiff must show "the harm-producing activity was in furtherance of the employer's business and that the employer had the right to exercise some degree of control over the workman in the conduct of such activity." *Gossett v. Simonson*, 243 Or 16, 26, 411 P2d 277 (1966).

There was no showing that Freightliner had the right to exercise some degree of control over Van Sickle at the time. How and when he returned the medical papers to Freightliner's office was entirely within Van Sickle's discretion.

The remaining question is whether Van Sickle was a nonservant agent of Freightliner at the time of the accident. Plaintiff contends that Van Sickle was a special agent of Freightliner for the purpose of returning the completed medical forms. Even as-

suming that Van Sickle was a nonservant agent of Freightliner for the purpose of obtaining an employment physical examination and returning the forms to Freightliner, it does not follow that Freightliner is vicariously liable.

A very similar case is *McLean v. St. Regis Paper Company*, 6 Wash App 727, 496 P2d 571 (1972). There, the alleged agent had been directed to take a physical examination by the defendant, St. Regis, his prospective employer. The examination was paid for by St. Regis and was a prerequisite to employment. On the way to the medical clinic the prospective employee's car was involved in an accident with another vehicle. The injured plaintiff filed an action against St. Regis, claiming that the latter was vicariously liable because the prospective employee was an agent of St. Regis for the purpose of obtaining the employment physical examination and returning with the results.

The Washington court adopted and quoted the general principle set forth by Dean Prosser:

"Since an agent who is not a servant is not subject to any right of control by his employer over the details of his physical conduct, the responsibility ordinarily rests upon the agent alone, and the principal is not liable for the torts which he may commit." Prosser, Law of Torts 479, § 69 (3d ed 1964).

The court noted that if the rule were otherwise, a client, for example, could be responsible for the negligent physical conduct of his attorney for an act wholly beyond the client's ability to control.

The Washington court held that in order to establish vicarious liability of St. Regis, it was necessary to show that St. Regis had control of, or the

right to control, the physical acts of the prospective employee. As St. Regis did not direct how the prospective employee should get to the clinic and, as he furnished his own transportation and was under no obligation to take the exam or to return the forms afterward, the element of right to control was lacking.

It is true in that case that the question of whether the prospective employee was a servant or agent of St. Regis was submitted to the jury as a question of fact. The jury returned a verdict for defendant. The plaintiff-appellant contended on appeal that vicarious liability of St. Regis was established as a matter of law. However, the court held that "no error occurred in submitting to the jury the issue of vicarious liability." If the issue had been raised by the allowance of a motion for involuntary nonsuit, as in the instant case, we have no doubt from reading the opinion that the Washington court would have held that vicarious liability was not established as a matter of law.

In the case at bar, like the *McLean* case, the defendant had no right to control the physical movements of Van Sickle in going to or returning from the clinic. Van Sickle was under no obligation to take the physical examination or to return to the Freightliner offices afterward.[2]

The judgment is affirmed.

---

[2] The plaintiff cites Lotspeich v. Chance Vought Aircraft Co., 369 SW2d 705 (Tex Civ App 1963), in support of its claim that Van Sickle was a servant at the time of the accident. The case is dissimilar. There, the plaintiff applied for a job with the defendant company. She was required to have a pre-employment physical examination given by the company doctor on company

premises. During the examination signs of tuberculosis should have been, but were not, detected. The plaintiff filed an action against the aircraft company, contending that she was not an employee at the time and therefore not restricted to recovery under the workmen's compensation laws. The court found plaintiff was an employee at the time of the examination. The case is not persuasive, and we decline to follow it.