Argued June 5, affirmed August 2, 1973

JORGENSEN, *Appellant, v.* RICHARD, *Defendant,*
and GEARHARD, *Respondent-Cross-Appellant.*

512 P2d 991

*Cleveland C. Cory,* Portland, argued the cause for
appellant. With him on the briefs were Clarence R.
Wicks, and Davies, Biggs, Strayer, Stoel and Boley,
Portland.

*Ridgway K. Foley, Jr.,* Portland, argued the cause
for respondent and cross-appellant. With him on the
brief were Gordon Moore, J. Laurence Cable, and

Souther, Spaulding, Kinsey, Williamson & Schwabe, Portland.

Before O'CONNELL, Chief Justice, and DENECKE, HOLMAN, HOWELL and BRYSON, Justices.

PER CURIAM.

Plaintiff was a passenger in a vehicle which was hit head on by a vehicle driven by defendant Richard. The defendant Audrey Gearhard was joined as a defendant on the theory that she was acting as the master of the defendant Richard at the time of the accident. A jury returned a verdict against both defendants. The trial court granted defendant Gearhard's motion for a judgment n.o.v. and denied her motion for a new trial. Plaintiff appeals from the judgment n.o.v.

The question presented by plaintiff is whether the jury could have found "that at the time of the accident defendant Richard was acting as the servant of his aunt [defendant Audrey Gearhard]."

The facts are generally undisputed.

At the time of the accident the defendant Richard's grandmother, with whom he maintained a close relationship, was suffering from serious heart trouble and required a constant supply of oxygen. The grandmother lived adjacent to the home of her daughter, defendant Audrey Gearhard, who was Richard's aunt. Mrs. Gearhard was a registered nurse at Holladay Park Hospital in Portland, and the oxygen was secured from that hospital and paid for by the grandmother. Various members of the family, including Richard, would see that oxygen was made available to the grandmother.

Richard, who worked in Vancouver, Washington, customarily stopped at his grandmother's place on his way home from work. On the day of the accident he visited his grandmother and found that she was having "some kind of heart trauma" with chest pains and difficulty in breathing. He immediately checked the oxygen supply and found it very low. About that time the defendant Gearhard and her daughter came into the house, and it was decided that Richard should go to the Holladay Park Hospital and secure more oxygen. The evidence is in dispute over whether Richard volunteered to get the oxygen or whether his aunt, Mrs. Gearhard, asked him to secure it. In any event, Mrs. Gearhard called the hospital and arranged for the oxygen to be delivered to Richard when he arrived.

On his way back from the hospital, Richard's auto collided with the vehicle in which plaintiff was riding as a passenger.

It is absolutely clear in this case that the relationship between Richard and Mrs. Gearhard was not that of master and servant. A servant is defined in 1 Restatement (Second) 485, Agency 2d, § 220, as a "person employed to perform services in the affairs of another and who with respect to the physical conduct in the performance of the services is subject to the other's control or right to control." See also 53 Am Jur 2d 81, Master & Servant § 1.

In *Gossett v. Simonson,* 243 Or 16, 411 P2d 277 (1966), we stated:

> "Since the imposition of liability upon a non-negligent employer is itself an exception to the general rule that there is no legal liability without fault, a plaintiff seeking damages from such an employer must prove that the harm-producing ac-

tivity was in furtherance of the employer's business and that the employer had the right to exercise some degree of control over the workman in the conduct of such activity. Without these two elements, there would be no reason, in a fault-oriented tort system, to bring a non-negligent employer into the picture at all." 243 Or at 26.

See also *Wilken v. Van Sickle/Freightliner*, 265 Or 42, 507 P2d 1150 (1973), and *Heide/Parker v. T.C.I. Incorporated*, 264 Or —, 506 P2d 486 (1973), recently decided by this court.

There is no evidence in this case that Richard was employed to perform services for his aunt and that she had the right to control his conduct in securing the oxygen. Richard was an adult; he used his own car and his own gasoline to go to the hospital, selected his own route, and was acting solely for the benefit of his grandmother. It was a situation where the grandmother needed immediate help. The aunt called the hospital and arranged for the oxygen, and Richard made the trip. Any one of the three persons present could have gone to the hospital to secure the oxygen.

The judgment for defendant Gearhard is affirmed.