Argued June 26, affirmed August 26, 1974

SULLIVAN, *Respondent, v.*
JOSEPHINE COUNTY ET AL (No. 72-463-L),
*Appellants.*

525 P2d 1071

*David P. Templeton,* Portland, argued the cause for appellants. On the briefs were Lloyd B. Ericsson and Dusenbery, Martin, Bischoff & Templeton, Portland.

*William H. Ferguson,* Medford, argued the cause for respondent. With him on the brief were Grant & Ferguson, Medford.

Before SCHWAB, Chief Judge, and FOLEY and THORNTON, Judges.

FOLEY, J.

This is an action for personal injuries brought by the sole survivor of an airplane crash. There were five persons aboard the aircraft, Glenn Allen, 49, owner, licensed as a commercial pilot, Charles Sturdivan, 22, licensed as an airplane transport pilot, the plaintiff and two others. Judgment was sought against the Estate of Glenn Allen (Allen owned the airplane and was a Josephine County deputy sheriff), against Louis R. Brandt who was the Sheriff of Josephine County, and against Josephine County itself. The jury returned a $7,500 verdict in favor of the plaintiff and against all defendants.

Defendants appeal, essentially claiming the trial court erred in giving an instruction to the jury that the co-pilot, Charles Sturdivan, could be found to be an agent of defendants if he was authorized to act for them and subject to their control or right to control. Defendants contend that it was error to refuse to give a requested instruction placing an issue before the jury

whether Sturdivan was an independent contractor rather than a servant or agent.

There is no significant dispute between the parties on the evidence in this case. Decedent Glenn Allen was employed as a deputy sheriff by Josephine County, Oregon. Sheriff Louis Brandt, also an employe of Josephine County, assigned Deputy Allen the duty of picking up two prisoners in Salem and returning them to Grants Pass for a court trial. Aircraft was the customary means of transportation. The aircraft, a Piper Apache, was owned by Deputy Allen who was paid his salary to fly the aircraft. Allen was furnished gas and oil by the county, which was responsible for providing transportation for the witnesses.

Sheriff Brandt knew that Deputy Allen was not "instrument rated" and that Deputy Allen would take someone along who was instrument rated when Allen went on a flight that required flying through clouds or making instrument approaches. The sheriff knew that on November 17, 1971, the day of the fatal flight, Deputy Allen was going to find somebody to aid and assist the deputy in the performance of his duties, and the sheriff authorized this.

Deputy Allen arranged for Charles Sturdivan to accompany him on the November 17 flight. One week earlier Allen and Sturdivan had agreed that Sturdivan would provide Allen with instrument lessons in exchange for which Allen would allow Sturdivan to use the plane. Sturdivan held the highest rating issued by the Federal Aviation Administration, that of an airline transport pilot. He was 22 years old, had been flying since he was 18, and was a certificated flight instructor. Allen, who was 49 years old, had been flying for over 30 years and held a commercial pilot's rating.

Allen had a considerable amount of instrument training and was considered a good pilot.

The following facts also appear from the record:

Deputy Allen's Piper Apache had fully functioning dual controls and thus could have been piloted from either of the front seats. The plane had only one set of flight instruments, which were located on the left side. This is normally the pilot's side of the aircraft. In most aircraft, the instructor in an instructor situation rides in the right seat (the co-pilot's seat) and frequently he flies from that seat using the instruments on the left, although he must lean over to avoid a slanted view. When instrument instruction is being given the flight instructor watches what the pilot is doing as he runs through the various maneuvers and the instructor makes suggestions to the pilot.

On the return flight from Salem to Grants Pass, Deputy Allen was in the left seat and Sturdivan was in the right seat; Allen piloted the aircraft during take-off. The plane crashed near Walker Mountain in Josephine County, killing both men. The weather was foggy at the time of the crash. It is not known for certain who was actually flying the plane at the time of the crash. The plaintiff was one of the passengers.

After preliminarily telling the jury that a county can act only through its officers, agents or employes, the court instructed the jury as follows:

"Plaintiff claims that Charles Sturdivan and Glenn Allen were both agents of Josephine County and Sheriff Louis Brandt and acting within the scope of their authority as such agents at the time involved in this case. Defendant denies that Charles Sturdivan was acting as the agent of Josephine County and Sheriff Brandt at the time involved in this case.

> "An agent is a person who is authorized to act for and is subject to the control, or right of control, of another person, who is called the principal. The acts or omissions of an agent within the scope of his authority are to be considered by you as the acts or omissions of the principal."

Defendants excepted to the giving of this instruction, but the basic objection which they urge to it is that the court should also have instructed on an independent contractor theory, discussion of which follows.

Defendants have conceded that Deputy Allen acted as the servant of the sheriff and the county. They contend, however, that the facts support a theory that co-pilot Sturdivan was an independent contractor, for whose negligence defendants would not be liable, and if the jury had so found it would have been necessary to prove that Allen had piloted the plane in order to support the judgment.

██ Right to control conduct is the test of a principal's vicarious liability in Oregon. *Wilken v. Freightliner*, 265 Or 42, 507 P2d 1150 (1973); *Jorgensen v. Richard, Gearhard*, 266 Or 263, 512 P2d 991 (1973). The right to control the manner and means of accomplishing a result is sufficient to establish vicarious liability. *Wallowa Valley Stages v. Oregonian*, 235 Or 594, 386 P2d 430 (1963).

██ In studying the admitted facts in this case it is difficult to formulate a reason for the court to give a jury instruction on the independent contractor theory. Deputy Allen was assigned by the sheriff, as part of the county's regular business, to fly to a particular point and to return with particular passengers. At all times he was acting within the scope of his employment, and he was authorized to choose a person to assist him.

Deputy Allen was in charge of the aircraft and had arranged with Sturdivan to assist him in his mission. Whether co-pilot Sturdivan was flying the aircraft at the time of the crash would make no difference in the principal-agent relationship of those involved. If Sturdivan was piloting he was doing so at the direction of Deputy Allen who was within the scope of his employment by the county and who had employed Sturdivan. Thus, the right to control continued in Deputy Allen. The right to control need not extend to control of the specific use of the instruments and flight controls themselves. *See, Knapp v. Standard Oil Co.*, 156 Or 564, 68 P2d 1052 (1937).

We find nothing in the record of this case which would have authorized the court to instruct the jury on an independent contractor theory.

Affirmed.